JOHN S. PRIEDMAN *vs.* A. G. JOHNSON, impleaded with Bell & Polson.

### August 5, 1874.

**Promissory note—When Consideration Pleaded need not be Proved.**—In an action upon a promissory note, expressed to be for value, the consideration of the note was specially set out in the complaint. The note being *prima facie* founded upon a sufficient consideration, *Held,* that it was not necessary for the plaintiff to prove the alleged consideration, in the first instance, in order to make out his case.

**New Trial Refused—Error Without Prejudice.**—Instance in which a new trial was refused on the ground that, even if certain evidence was erroneously received, it worked no injury to the appellant.

Action on a promissory note, alleged in the complaint to have been made to the plaintiff by Bell & Polson, as principals, and the defendant Johnson, as surety, for a valuable consideration, to wit: the surrender and cancellation of a certain promissory note payable to the plaintiff, made by Bell & Polson, as principals, and by the defendant Johnson, as surety. The defendant Johnson, in his separate answer, admits that he signed the note in suit, but alleges that he received no consideration therefor, in any way whatever. He further alleges an alteration in the terms of the note after its execution by him.

At the trial in the court of common pleas for Ramsey county, before *Hall,* J. (a jury being waived,) the plaintiff introduced in evidence a note signed by Bell & Polson, pay-

able to plaintiff or bearer, on demand and three weeks' notice, the defendant Johnson's name being written across the back of the note. Having proved the demand and three weeks' notice, the plaintiff gave oral evidence, (under objection and exception,) tending to prove the consideration alleged in the complaint, (viz., the surrendered note and its contents,) and also evidence tending to prove that the note was signed, in its present condition, by Johnson, prior to its· delivery to plaintiff. On the other hand, the defendant Johnson gave evidence tending to prove that the words, " on demand and three weeks' notice," were added after he had written his name on the note ; that he received no consideration for his signature, either in money or goods ; and that he had never endorsed any former note of Bell & Polson. Upon the judge's findings, judgment was entered for the plaintiff, from which the defendant Johnson appeals.

*E. C. Palmer*, for appellant.

*W. P. Warner*, for respondent.

BERRY, J. A promissory note, expressed to be for value, being *prima facie* founded upon a sufficient consideration, the burden was not in this case upon the plaintiff, in the first instance, to prove the consideration of the note upon which this action is brought. *Burnham* v. *Allen*, 1 Gray, 496. He was not bound to allege what the consideration was, nor, having alleged it, was he bound to prove his allegation in the first instance. So far, then, as making out his case was concerned, it was entirely superfluous for the plaintiff to show or attempt to show what the consideration was, by the parol evidence, the admission of which is claimed, whether justly or not we need not enquire, to have been erroneous. If, however, the parol evidence worked no injury to defendant, its admission would furnish no ground for a new trial.

If, so far as concerns the question, what the consideration was, the case had rested solely upon the testimony introduced on behalf of the plaintiff, the admission of the parol evidence, even if erroneous, could not have prejudiced the

defendant, since the plaintiff's case had been made out without it, and it was simply superfluous.   Did it work any injury to the defendant, with reference to the testimony introduced in his behalf on the question of consideration?   That depends upon whether the defendant introduced any important testimony on the point of the consideration, which the obnoxious parol evidence, which related solely to this matter of consideration, tended to rebut or otherwise affect.   A careful scrutiny of the evidence introduced by defendant with reference to the question of consideration, satisfies us that it in no degree tends to impeach the consideration of the note, and that it is, therefore, of no. importance.

It is not enough for defendant to prove that he received no money or goods for placing his name on the back of the note.   Having placed his name there before the note was delivered to the payee, he was a surety for Bell & Polson, who signed the note as principals.   *Marienthal* v. *Taylor*, 2 Minn. 147.   Of course, then, it was not necessary that he should himself have received any consideration for his signature.   His testimony that he did not receive any, is, therefore, of no account.   His personal testimony, (and he introduced no other of any consequence upon this point,) in relation to the note, the surrender of which is alleged in the complaint to have been the consideration of the note in suit, is altogether unsatisfactory.   If the fact was that he did not put his name upon the surrendered note before its delivery, so as to become liable thereon as surety for Bell & Polson, as plaintiff's complaint claimed, it would have been very easy for him to have so testified frankly and directly. Instead of this, however, he deals in negatives pregnant, and we are unable to relieve our minds of the impression that he did this because the truth would not permit him to go farther.   Whether viewed, then, with reference to the case made by plaintiff, or to the case made by defendant, on the subject of consideration, we are unable to perceive how the supposed erroneous admission of the parol evidence could have worked any practical prejudice to the defendant.

The other points made upon the defendant's brief do not appear to us to require any discussion.

Order denying new trial affirmed.