ANTHONY KELLY *vs.* DAVID BRONSON and another.

February 27, 1880.

**Order on Specific Fund.**—This action is brought upon the following order, which was directed to and accepted by defendants:

"Please pay Anthony Kelly the sum of $250, out of avails, when received, from the sale of logs in your hands belonging to me, and oblige yours, etc., C. ANDERSON."

This order being payable out of a particular fund, is not a bill of exchange, and the plaintiff, to recover upon it, must show what the "avails" mentioned are, and that they have been received by the defendants.

**Parol Evidence to Explain Written Contract.**—Application to this case of the rule which permits the use of extrinsic evidence for the purpose of applying the terms of a written contract to its subject-matter, and of removing or explaining any uncertainty or ambiguity arising from such application, by showing the facts and circumstances of the transaction out of which the contract arose, including the situation and relation of the parties. *Held*, as a result of the application of this rule to the facts of this case, that the words "belonging to me" refer not to "logs," but to "avails."

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action was tried before *Vanderburgh*, J., a jury being waived.

*Lochren, McNair & Gilfillan,* for appellant.

*McCluer & Marsh,* for respondents.

BERRY, J. On July 29, 1874, C. Anderson made and delivered to plaintiff a written order, as follows:

"STILLWATER, MINN., July 29, 1874.

*"Bronson & Folsom—*GENTS : Please pay Anthony Kelly the sum of $250, out of avails, when received, from the sale of logs in your hands belonging to me, and oblige yours, etc.,

"C. ANDERSON."

Plaintiff on the same day presented the order to defendants, who thereupon wrote the following across its face : "Stillwater, Minn., July 29, 1874. Accepted. Bronson & Folsom."

The order, being payable out of a particular fund, is not a bill of exchange. Story on Bills, § 46 ; Daniell on Neg. Inst. § 50. The right to recover upon it is, therefore, not established by producing it, and proving its execution and acceptance. The plaintiff must go further, and show what the "avails" mentioned are, and that they have been received by the defendants. This is in accordance with the rule which permits the use of extrinsic evidence for the purpose of applyng the language of a written instrument to its subject-matter, or, as it is sometimes expressed, for the purpose of identifying the subject-matter.

To this end the following facts are stipulated by the parties : On July 29, 1874, Anderson, being indebted to the defendants in the sum of $1,200 and over, executed and delivered to them a bill of sale of 325,000 feet of logs, of which he was owner, thereby "transferring the title" of the same to them, upon the agreement that they should sell the logs, and, after paying themselves all expenses and charges for handling and selling, and the amount of Anderson's said indebtedness, pay any excess remaining to Anderson. There were no other logs in the hands of the defendants in which Anderson was in any way interested. Before the commencement of this action, defendants sold the logs, receiving as the entire proceeds of the sale $991.64. Except so far as this sum goes, no part of Anderson's indebtedness to the defendants has been paid. The order upon which this action is brought was made by Anderson, and accepted by defendants, after the execution of the bill of sale.

In the state of facts thus stipulated, it is apparent that, at the time when the order was made and accepted, there were no logs in the hands of the defendants belonging to Anderson. He had transferred the title to the 325,000 feet of logs to the defendants, so that these logs belonged to them. *Camp* v. *Thompson*, 25 Minn. 175; *Butler* v. *White*, 25 Minn. 432. But he was interested in the avails of the logs transferred, to the extent of any overplus which might remain after the defendants had paid themselves from the proceeds of a sale of the logs, and such overplus, if any, would belong to him.

Now the rule before referred to, allowing the use of extrinsic evidence for the purpose of applying the terms of a written contract to its subject-matter, also allows such evidence to be used for the purpose of removing or explaining any uncertainty or ambiguity which arises from such application; and with this view all the facts and circumstances of the transaction out of which the contract arose, including the situation and relation of the parties, may be shown. *Stoops* v. *Smith*, 100 Mass. 63. The object is to ascertain in what sense the parties used the terms in which their contract is expressed. The application of this rule of evidence is decisive of this case. Reading the order by itself, and with reference to its phraseology only, the words "belonging to me" refer to the antecedent word, "logs." But the facts stipulated show that in this respect the order presents a case of latent inaccuracy, and the same facts furnish the means of correcting it. By the terms of the order it would appear that there were logs in the hands of defendants which belonged to Anderson. But by the facts it appears that it was not the logs, but a possible overplus of the proceeds of their sale, which belonged to Anderson. When, then, the parties, in full view of these facts, speak of the avails of logs in defendants' hands belonging to Anderson, they must be taken to have referred, not to logs belonging to Anderson, but to avails belonging to him; that is, to the overplus before mentioned.

This construction of the order, though not the most obvious

one, is permissible, and it is the only sensible construction which the facts will allow. For it is to be presumed that in accepting the order the defendants intended to assume *some* liability. But if the construction contended for by the plaintiff be correct, viz.: that the words "belonging to me" refer to "logs," then they assumed no liability whatever, for there were no logs answering that description. When, however, the words "belonging to me" are applied to "avails," it is then apparent that the defendants assumed the liability of paying the overplus (if any) of the proceeds of the 325,000 feet of logs, the title to which had been transferred to them by Anderson.

From this, our construction of the order, and the obligations which the defendants assumed by their acceptance of it, it follows that as the entire proceeds of the sale of the logs were insufficient to pay Anderson's indebtedness to the defendants, and their charges for handling and selling the logs, no overplus remained for Anderson. The defendants, therefore, not having received from the sale any avails belonging to Anderson, the plaintiff has not made out a cause of action against them.

Judgment affirmed.