RICHARD W. HALE and Another v. DERRICK H. DRESSEN and Another.

July 12, 1898.

Nos. 11,106—(222).

**Seal Imports Consideration—Rule Disregarded in Equity.**

Although it is the general rule that at common law a seal affixed to a written instrument imports a consideration, yet equity disregards such forms, and looks to the reality, and requires an actual consideration, and permits the want of it to be shown notwithstanding the seal.

**Release of Guaranty by Trustee without Authority.**

Where a valuable guaranty is impressed with an express trust, and exists for the benefit of the trust estate, if the trustee, having no lawful authority, releases it, without an equivalent benefit accruing to the estate, such guaranty may be followed as a legally existing obligation, and the trust fastened upon it.

Action in the district court for Hennepin county by plaintiffs, as trustees of the estate of Alfred W. Haven, against Derrick H. Dressen and David C. Bell Investment Company to cancel the release of a guaranty executed by the investment company, and for judgment against the investment company on the guaranty. The court, Elliott, J., sustained the demurrer of the investment company to the complaint, and overruled it as to defendant Dressen. From the order sustaining the demurrer of the investment company, plaintiffs appealed. Reversed.

*Walter C. Tiffany* and *F. W. Grinnell,* for appellants.

The respondent company is a volunteer; that is, it has given no consideration for the release. The only way in which rights in trust property can be acquired by a third person through a breach of trust on the part of the trustee is where such third person is in a position to invoke the aid of the equitable doctrine of bona fide purchaser for value without notice. This doctrine cannot aid a volunteer, as its very essence is that a valuable consideration exists. 1 Perry, Trusts, §§ 217, 220; Mansell v. Mansell, 2 P. Wms. 678, 681; Otis v. Otis, 167 Mass. 245. It cannot be claimed that the fact that the release is under seal negatives this allegation, for in equity there must be an actual consideration, although the instrument be

under seal. 1 Pomeroy, Eq. Jur. § 383; Lamprey v. Lamprey, 29 Minn. 151.

Respondent, in relying on the release as a defense, is in reality seeking the aid of this court to enforce a gratuitous covenant. The authorities are unanimous that a court of equity will not lend its aid in the nature of specific performance, unless there is a valuable consideration moving from the party in whose behalf such aid is sought. Minturn v. Seymour, 4 Johns. Ch. 497; Pomeroy, Spec. Per. §§ 38, 39; Fry, Spec. Per. § 92; 22 Am. & Eng. Enc. 1030; Groves v. Groves, 3 You. & J. 163; Ord v. Johnson, 1 Jur. (N. S.) 1063; Cochrane v. Willis, 34 Beav. 359; Marler v. Tommas, L. R. 17 Eq. 8; Burling v. King, 66 Barb. 633; Vasser v. Vasser, 23 Miss. 378; Shepherd v. Shepherd, 1 Md. Ch. 244; Black v. Cord, 2 H. & G. (Md.) 100; Curlin v. Hendricks, 35 Tex. 225; Bayler v. Com., 40 Pa. St. 37; Buford v. McKee, 1 Dana, 107; Anderson v. Green, 23 Amer. Dec. 417, and notes.

The trustee had no power to give up a valuable right without consideration. That is to say, one receiving a gift of trust property from a trustee, or, what is the same thing, being released from a liability by the trustee without an equivalent benefit accruing to the trust estate, acquires no rights thereby, as against the cestuis que trustent. 2 Pomeroy, Eq. Jur. § 1048; 1 Perry, Trusts, §§ 334, 241; 2 Perry, Trusts, §§ 810, 483; 1 Lewin, Trusts, 593; 1 Beach, Trusts, § 251; Jevon v. Bush, 1 Vern. 342; Wiles v. Gresham, 5 De G., M. & G. 770; Pascoe v. Pascoe, 2 Cox, 109; Wolfe v. Bate, 9 B. Mon. 208. This principle has frequently been recognized by the courts; as, for instance, when a release by an assignor is set up as a defense in an action by an assignee. Legh v. Legh, 1 B. & P. 447; Payne v. Rogers, 1 Doug. (Eng.) 407; Andrews v. Beecker, 1 Johns. Cas. 411; Littlefield v. Storey, 3 Johns. 425; Dawson v. Coles, 16 Johns. 51; Wheeler v. Wheeler, 9 Cow. 34.

*Roberts & Sweet*, for respondent.

We insist that the common-law doctrine that a seal imports a consideration is applicable to a case of this kind, and that the courts will not extend the effect of the decisions cited by appellants so as to permit a party who seeks to avoid an executed contract

under seal to come into equity, and ask for the cancellation of this contract in order to be relieved from its effect, and deny the consideration, although the contract is under seal. McMillan v. Ames, 33 Minn. 257.

It does not appear how valuable the guaranty of respondent is. For aught this court knows, it may not be worth more than a dollar. It is possible that the trustee, in getting a dollar for the release of the guaranty, got all it was worth.

BUCK, J.

The questions raised in this case came to this court upon demurrer to the complaint, which it is claimed does not state facts sufficient to constitute a cause of action.

It appears from the complaint that certain funds and property were conveyed to two trustees by a deed of trust, to manage the property and to invest and reinvest the funds, in their discretion, for the benefit of the cestuis que trustent. The deed of trust provided for the appointment of a successor to either trustee in case of the death or resignation of either. One of the trustees died, and no successor was appointed. The surviving trustee, William H. Rollins, invested $1,800 of the trust fund in a note and mortgage made by the defendant Dressen, taken in the name of William H. Rollins, trustee for the estate of Alfred W. Haven. The defendant company, before the delivery of said note, for value duly guarantied the payment thereof in writing on the back of said note. Subsequently, and before the maturity of the note or default in the payment of interest, and while Rollins was the only trustee, he, without consideration, gave the defendant company a writing under seal, purporting to release it from its guaranty. Haven did not authorize the release, or know of it until shortly before the bringing of this action to set it aside and enforce the guaranty.

The trial court overruled the demurrer as to the defendant Dressen, and sustained it as to the David C. Bell Investment Company. The plaintiffs appeal from that part of the order sustaining the demurrer.

The appellants contend that the release does not release the defendant company from its liability as guarantor, because (1) the

trustee Rollins had no power to bind the estate without the joint action of the co-trustee; and (2) because there was no consideration paid by the investment company for such release, and that it was not relieved from its liability to the trust estate.

We do not think it necessary to pass upon the first proposition, as the case must be reversed upon the erroneous ruling of the trial court upon the second proposition.

It is admitted that the investment company, for a valuable consideration, guarantied the prompt payment of the interest due upon said note, according to the terms thereof, and payment of the principal of said note within two years after its maturity. It is also admitted by the demurrer that the investment company paid no consideration for the release. There is no explanation why this release was so executed by Rollins and the investment company. Each signed this written release, and it recites the fact that Rollins was acting as trustee. It must therefore be deemed to have full knowledge of the capacity in which Rollins was acting, and to have knowingly participated in the fraud by which it was sought to deprive the Haven estate of the right to enforce this valuable guaranty. This trustee—and in this respect it would make no difference if two trustees had been acting—had no power to give up and surrender a valuable right without an equivalent benefit accruing to the estate. The guaranty was impressed with an express trust, and exists for the benefit of the Haven estate, and the trustee could not destroy or release it, as in doing so he would not in any manner be acting in line with, or in the execution of, or carrying into effect, the terms of the trust. The act was not one of mistake, but an intentional violation of Rollins' duty as a trustee, and, as the investment company was a party to the fraudulent transaction, the estate or guaranty must be regarded as still held in trust as against the investment company; and these plaintiffs, who are the duly appointed and acting trustees of said estate, have the lawful right to follow said guaranty as a living and legally existing obligation against said company, and to fasten the trust upon it. See Third Nat. Bank v. Stillwater Gas Co., 36 Minn. 75, 30 N. W. 440.

The respondent seeks to evade this rule of law by invoking the doctrine of the common law that the release was under seal, and

that such seal imports a consideration. A trustee, without power or authority to act, cannot join with a guarantor with notice, and render the written guaranty invalid, by merely attaching a seal to their joint agreement. Such a rule might enable the trustee to deplete the trust estate.

The respondent says:

"Counsel say they did not get the dollar, but we invoke again the doctrine that the court conclusively presumes that they did get it, or some better consideration, and the allegation that the consideration was not paid is of no consequence, in view of the fact that the instrument which was made was under seal."

But this is an equitable action, and "equity, disregarding such form and looking at the reality, always requires an actual consideration, and permits the want of it to be shown, notwithstanding the seal, and applies this doctrine to covenants, settlements and executory agreements of every description." 1 Pomeroy, Eq. Jur. § 383.

The respondent cites McMillan v. Ames, 33 Minn. 257, 22 N. W. 612, in support of his contention, but that was an action at law for breach of contract, where the plaintiff sought to recover damages for such breach, and the instrument sued upon was sealed by the defendant himself, and it was there said, at page 260, that

"Except for fraud or illegality, the consideration implied from the seal cannot be impeached for the purpose of invalidating the instrument."

But the facts in this case show a fraudulent and illegal transaction on the part of Rollins and the investment company. If at common law the seal imports unimpeachable consideration, it is in cases where the seal is itself legally affixed in the first instance, not in cases of forgery, or without any lawful authority or fraudulently.

The legal effect of a party voluntarily affixing a seal to an instrument may sometimes be binding upon him as to the consideration, but this is not such a case. It was affixed without authority, and intended by both parties to operate as a fraud against the Haven estate. Signing the instrument was equally as fraudulent as affixing the seal. There was no apparent authority for this act of seal-

ing or signing the release. Both were the offspring of an intentional wrong, participated in by both parties, and, as affixing the seal was invalid, so was the signing and delivery of the release.

Order reversed.