RICHARD W. HALE and Another v. DERRICK H. DRESSEN and Another.

May 5, 1899.

Nos. 11,556—(73).

**Promise to Pay Debt from Certain Fund Controlled by Debtor not an Equitable Assignment.**

A promise by a debtor to pay his creditor out of a designated fund, of which the debtor retains control, when the same is received by him, is a personal agreement only, and cannot be construed either as an equitable assignment of, or a lien on, the fund.

**Promissory Note—Guaranty of Payment—Release of Guaranty by Mortgagee—Consideration.**

The defendant herein guarantied the payment of a note secured by a real-estate mortgage, and afterwards became the owner of the mortgaged premises. The mortgagee, who held the note as a trustee, released the defendant, who was then in possession of the premises, and insolvent, from all liability on the guaranty, upon its promise to care for the property without charge, and to collect the rents, and apply them to the payment of interest, taxes, insurance, and repairs, until such time as the premises could be sold for a sum sufficient to pay the note. *Held*, that there was no consideration for the release.

Action in the district court for Hennepin county by Richard W. Hale and Henry W. Bullard, as trustees of the estate of Alfred W. Haven, for the cancellation of a certain agreement or release, and for the recovery of judgment against defendant David C. Bell Investment Company for $449 and interest. From an order, Lancaster, J., denying the application of said defendant for leave to file an answer, said defendant appealed. Affirmed.

*Harlan P. Roberts*, for appellant.

*Walter C. Tiffany*, for respondents.

START, C. J.

The defendant the David C. Bell Investment Company demurred to the complaint herein, which was sustained. The plaintiffs appealed, and the order was reversed by this court. Hale v. Dressen, 73 Minn. 277, 76 N. W. 31. The remittitur was sent down, and there-

upon the investment company moved the district court for leave to answer, which was denied on the ground that the proposed answer did not state facts constituting a defense; and the defendant appealed from an order denying its motion.

No question of discretion on the part of the trial court is involved in the appeal, and the sole question is whether the answer states a defense.  An answer to this question involves an analysis of the complaint and proposed answer.  The material facts alleged in the complaint, briefly stated, are these:

Alfred W. Haven, by a trust deed, which is made a part of the complaint, conveyed to two trustees certain property in trust, to manage, invest, and reinvest for the use of the beneficiaries therein named.  One of the trustees died, and the survivor, William H. Rollins, managed and controlled the trust estate during the time mentioned in the complaint.  On March 12, 1892, the defendant Derrick H. Dressen executed to William H. Rollins, as trustee of the estate of Alfred W. Haven, his promissory note, and thereby, for value received, promised to pay to such trustee, or order, $1,800 on March 12, 1897, with interest, payable semiannually, at 6 per cent. per annum, and secured the payment of the note by a real-estate mortgage.  The defendant the David C. Bell Investment Company, prior to the delivery of the note, for the consideration in the note named, guarantied, by a writing on the back of the note, signed by it, the payment of the interest on the note as it accrued, and of the principal thereof within two years after its maturity.  The trustee, before the maturity of the note, and on January 23, 1894, executed to the investment company a release, under seal, purporting to discharge it from the guaranty of payment; but no consideration was paid for such release, and none has ever been received by any of the trustees of the Haven estate or the beneficiaries.  The beneficiaries never authorized or consented to the making of the release, and, upon hearing of it, this action was brought for its cancellation.

The answer admits the execution of the note and mortgage, and the guaranty of payment by the investment company, but alleges that it did not receive any consideration for its guaranty, and denies the allegations of the complaint not expressly admitted, qualified, or denied.  The answer then proceeds to set out the considera-

tion for the release of its guaranty by the trustee. Its allegations in this respect are to the effect following: The investment company was, at the time the release was made, insolvent, and its guaranty worthless. It was then the owner in fee, subject to the mortgage, of the mortgaged premises, and in the possession thereof, and collecting the rents therefor. The alleged consideration for the release was its promise to give careful attention to the mortgaged premises, to look after keeping them in repair, to collect the rents without expense to the trustee, and to apply them to the payment of interest, taxes, insurance, and repairs, until such time as the premises could be sold for a sum sufficient to pay the mortgage.

Counsel for the investment company correctly states, in his brief, the real question on this appeal. It is, does the proposed answer of the investment company state a substantial defense? He claims that the question should be answered in the affirmative, for the following reasons:

1. The allegation of the complaint as to the execution of the trust deed is put in issue by the general denial in the answer. The answer, however, admits the execution of the note and mortgage to William H. Rollins as trustee of the estate of Alfred W. Haven. This admission makes the issue as to the execution of the trust deed immaterial.

2. That the guaranty of the investment company was without consideration. The allegations of the complaint as to the execution of the note, mortgage, and guaranty are admitted by the answer. The contract of guaranty was written upon, and was a part of, the promissory note, which imports a consideration, and was delivered with it; hence the consideration of the note supports the guaranty. D. M. Osborne & Co. v. Gullikson, 64 Minn. 218, 66 N. W. 965.

3. That the release was a compromise by the trustee of a claim of doubtful value, by reason of the insolvency of the guarantor, and that the consideration for the release was the surrender of the possession of the mortgaged premises to the trustee, and the application of the rents at once for his benefit.

This claim is not sustained by the allegations of the answer, which does not allege that the investment company either surrendered the mortgaged premises to the trustee, or promised so to do,

in consideration of being released from personal liability for the payment of the mortgage debt. On the contrary, it retained possession and controlled the premises. The only consideration for the release, according to the answer, was the investment company's executory promise to take good care of its own property, and collect the rents therefor, without charge to the trustee, and apply the same in payment of interest, taxes, insurance, and repairs. It owned the premises subject to the mortgage, it was in possession thereof, and it was personally liable for the mortgage debt. It was released from its personal liability by the trustee in consideration of its promise to do that, and only that, which it was already legally bound to do; for, independent of its promise, it was bound to apply the rents from the property in its possession and control, so far as necessary, to the protection of the property, by keeping it in repair, and of the security, by keeping the taxes paid. If it refused so to do, the trustee was entitled to the appointment of a receiver for that purpose. Farmers Nat. Bank v. Backus, 64 Minn. 43, 66 N. W. 5. Its promise to pay interest from the rents was only its personal executory agreement to pay a part of what it was legally bound to pay; for the promise of a debtor to pay his creditor, out of a designated fund, of which he retains control, when the same is received by him, is a personal agreement only, and cannot be construed either as an equitable assignment or a lien on the fund. Plymouth Cordage Co. v. Seymour, 67 Minn. 311, 315, 69 N. W. 1079; Rogers v. Hosack, 18 Wend. 319; Christmas v. Russell, 14 Wall. 69. The trustee gained nothing by the promises of the investment company, and the latter incurred no new obligation thereby. In its last analysis, the alleged consideration for the release of the investment company from liability on its guaranty was simply its promise to pay a part of the mortgage debt, for which it was absolutely liable, provided it realized the money to meet the promise from the rents of the mortgaged premises. The answer shows no consideration for the release.

Order affirmed.