## LIBERTY STATE BANK v. METROPOLITAN CHURCH ASSOCIATION.[1]

January 12, 1923.

No. 23,158.

**Negotiable character of instrument at common law expressed in Uniform Act.**

1. The provisions of the Uniform Negotiable Instruments Act with respect to the negotiable character of an instrument are merely declaratory of the common law on the subject.

**Note given for value received prima facie is for sufficient consideration.**

2. A promissory note expressed to be given for value received is prima facie founded upon a sufficient consideration, and, in an action on the note, plaintiff is not bound, in the first instance, to prove consideration.

**Express promise in note construed as conditional.**

3. An instrument containing an express promise to pay a definite sum of money for value received "out of rents from the Cole Apartments" does not obligate the maker thereof to pay unless rents were received. The promise is not absolute but conditional, and one suing upon such an instrument cannot recover without showing that the maker received rents.

Action in the municipal court of St. Paul to recover $300 on two promissory notes. Defendant's demurrer to the complaint was overruled, Rounds, J. The case was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiff. From

[1] Reported in 191 N. W. 414.

an order denying its motion for a new trial, defendant appealed. Reversed.

*John P. Kyle*, for appellant.

*A. S. Pearson*, for respondent.


LEES, C.

Action on promissory notes executed by defendant to plaintiff. There was a trial by the court without a jury, resulting in findings in plaintiff's favor, and defendant has appealed from an order denying a new trial.

Specifying different due dates, the notes were in the following form:

St. Paul, Minnesota, April 29th, 1921                               $150.00

June 1st, 1921, after date, for value received, I promise to pay to the order of Liberty State Bank, St. Paul, Minnesota, One Hundred Fifty and No/100 dollars, with interest payable annually at the rate of eight per cent per annum. (Out of rents from the Cole Apartments, Spruce Place, Minneapolis, Minn.)

Each maker, endorser and guarantor hereof, waives presentment for payment, notice of non-payment, protest, notice of protest and dishonor and consents to any extension or extensions of time for payment without notice.

METROPOLITAN CHURCH ASSOCIATION

By J. H. Barnes, Acting Trustee.

P. O. Waukesha, Wis.

Waukesha Natl. Bk.

The complaint set the notes out verbatim and alleged their execution and delivery to plaintiff, its continued ownership of them, and that they had not been paid. Defendant interposed a general demurrer, which was overruled. It then answered, alleging that the notes were executed for the benefit of Reece M. Newport, a real estate broker who, at the time of their execution, was negotiating with defendant for an exchange of property it owned for the Cole Apartments; that they represented the commission he was to receive if the exchange was made; that it was not made and defendant never re-

ceived any rent from the apartments, and that there was no consideration for the notes. At the trial, plaintiff introduced the notes in evidence, obtained from defendant an admission that J. H. Barnes had authority to execute them and that they had not been paid, and then rested its case. Defendant offered no evidence and moved that the action be dismissed for failure of proof. Its position was and is that the notes were not negotiable, and that to make out a cause of action plaintiff must show that defendant had received rents from the Cole Apartments sufficient to pay the notes. The court ruled to the contrary, and the sole question here is whether the ruling was correct.

Section 1 of the Uniform Negotiable Instruments Act (section 5813, G. S. 1913), provides that to be negotiable an instrument must contain an unconditional promise to pay a sum certain in money; and section 3 (section 5815, G. S. 1913), provides that an unqualified promise to pay is unconditional within the meaning of the act, though coupled with an indication of a particular fund out of which reimbursement is to be made, or with a statement of the transaction which gave rise to the instrument, but that a promise to pay out of a particular fund is not unconditional. These provisions are merely declaratory of the common law on the subject and succinctly summarize recognized principles. First Nat. Bank v. Lightner, 74 Kan. 736, 88 Pac. 59, 8 L. R. A. (N. S.) 231, 118 Am. St. 353, 11 Ann. Cas. 596. Tested by them, defendant contends that the notes are not negotiable and do not import a consideration, and hence plaintiff was required to plead and prove consideration. Conroy v. Ferree, 68 Minn. 325, 71 N. W. 383. More specifically, its contention is that upon their face the notes amount to nothing more than a promise to pay out of a particular fund, and do not carry the general personal credit of the maker since payment is contingent on the sufficiency of the fund specified.

On the other hand, plaintiff contends that the notes contain an absolute promise to pay, coupled with an indication of the particular fund out of which the maker is to be reimbursed, and hence by the terms of the act they are negotiable.

A promissory note expressed to be given "for value received" is prima facie founded upon a sufficient consideration, and, in an action on the note, plaintiff is not bound, in the first instance to prove the consideration. Priedman v. Johnson, 21 Minn. 12; Frank v. Irgens, 27 Minn. 43, 6 N. W. 380; Elmquist v. Markoe, 39 Minn. 494, 40 N. W. 825. But if it appears that the promise to pay, though supported by a consideration, is conditional and not absolute, plaintiff must show that the condition which makes the promise enforceable has arisen and actually exists. The rule is illustrated by Smith v. Mussetter, 58 Minn. 159, 59 N. W. 995, holding that as between the parties to a note it may be shown that it was to become operative only upon the happening of a future event, and by Keller v. Cohen, 217 Pa. St. 522, 66 Atl. 862, holding that it is competent for the parties to contract for the payment of an obligation out of a particular fund, and that the existence of a contemporaneous parol agreement to that effect may be shown as a defense to an action by the payee against the maker. It was applied in Kelly v. Bronson, 26 Minn. 359, 4 N. W. 607, where it was held that a right to recover on an order payable out of a particular fund was not established without a showing that the fund had come into the hands of the drawee.

We need not decide whether the notes were negotiable or non-negotiable. As we read them, the maker's only promise is to pay out of rents received from the Cole Apartments. The promisee is limited to payment from such rents. If no rents were received, there was no obligation to pay. The instrument must be considered in its entirety with regard to all its provisions. Third Nat. Bank v. Armstrong, 25 Minn. 530. It begins with an express promise to pay, but concludes with the designation of a fund out of which payment is to be made. Plaintiff could not make out a case without showing that defendant had received rents from the Cole Apartments.

Order reversed.