# FRANK F. PASCH COMPANY v. C. C. JOHNSON.[1]

March 20, 1925.

No. 24,585.

**Damages allowed exceeded those proven.**
 1. The damages allowed for defective goods largely exceed the damages proven.

**Agency cannot be proved by declarations of assumed agent.**
 2. Declarations of the assumed agent are not admissible to prove agency.
*Headnote 1. See Sales, 35 Cyc. p. 632.
 Headnote 2. See Agency, 2 C. J. p. 935, § 692.

Action in the district court for Lyon county to recover $225 for goods sold and delivered. The case was tried before Gislason, J., and a jury which returned a verdict for $80. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*James H. Hall*, for appellant.

*Mathews & Mathews*, for respondent.

TAYLOR, C.

Plaintiff is engaged in business at Milwaukee, Wisconsin, and defendant at Marshall, Minnesota. Plaintiff brought suit for $225 for goods sold and delivered to defendant. Defendant admitted purchasing and receiving the goods, and defended on the ground that they were spoiled and unmarketable. The jury returned a verdict of $80 for plaintiff. Plaintiff appealed from an order denying its alternative motion for judgment for the full amount claimed or for a new trial.

The goods consisted of 20 cases of malt syrup of the value of $190 and 20 cases of hops of the value of $35. They were in sealed pack-

[1]Reported in 202 N. W. 820.

ages of 12 to the case—the syrup in cans, the hops in paper cartons. Immediately after receiving them defendant resold them to his customers in the original packages without knowing that they were defective.

He alleged an express warranty of quality in his answer but made no attempt to prove it. He apparently relied upon the implied warranty given by section 15 of the Uniform Sales Act that goods sold by description shall be of merchantable quality. G. S. 1923, § 8390. He also alleged in the answer that all the goods had been returned to him by his customers because defective; that he notified plaintiff of that fact and offered to return them to plaintiff; and that plaintiff refused to receive them, but offered no evidence to prove these allegations. He testified that some three weeks after receiving the goods he examined a considerable portion of them then in the hands of his customers, and found that the hops were mouldy and worthless, and that some of the syrup cans were leaky. Much of the testimony which he proffered concerning the condition of the goods, and which might well have been received, was excluded. He made no attempt, however, to show that the syrup was not of proper quality, nor that it was worth less than the purchase price, nor the amount, if any, lost by leakage. The evidence did not justify awarding defendant damages on account of the syrup, and the damages allowed exceeded the total value of the hops by $110.

Defendant was permitted to testify, over plaintiff's objection, that some months after he had received the goods a man whose name he had forgotten came to his place of business and said that he represented plaintiff; that this man examined some of the goods and pronounced the hops worthless and told him to dump them out. As there is no other evidence tending to connect this man with the plaintiff in any way, this evidence was clearly incompetent. Agency cannot be proved by testimony of declarations made by the assumed agent. Dunnell, Minn. Dig. § 149.

This is not a case in which judgment should be directed for plaintiff, but for the reasons above stated there should be a new trial.

Order reversed.