## J. F. O'CONNOR v. Z. H. EINFELDT AND OTHERS. WALTER DENKMANN, GARNISHEE.[1]

October 9, 1925.

No. 24,830.

**Agreement to sell mortgaged chattels and apply proceeds to debt does not extend mortgage lien to proceeds of unmortgaged chattels.**

1. An agreement between the owner of personal property and the holder of a chattel mortgage upon a part thereof that the property shall be sold and the proceeds applied upon the mortgage debt does not extend the lien of the mortgage to the proceeds of property not included therein.

**Owner's promise to apply proceeds of specific property on certain debt, does not prevent garnishment of proceeds before such application.**

2. A promise to apply the proceeds of specified property upon a

[1] Reported in 205 N. W. 268.

particular debt does not give a lien upon or right to such proceeds until so applied, and until so applied they may be attached by garnishee process in an action against the promisor.

**Waiver of mortgagee's lien immaterial when proceeds exceed amount sought by garnishment.**

3. Whether the mortgagee waived his lien by consenting to the sale is immaterial as the proceeds of the property not covered by the mortgage exceed the amount claimed under the garnishment.

1. See Chattel Mortgages, 11 C. J. p. 508, § 184 (Anno).
2. See Liens, 37 C. J. p. 318, § 21.

Action in district court for Jackson county. Plaintiff garnisheed Walter Denkmann, cashier of State Bank of Round Lake, and the bank filed its complaint in intervention. The case was tried before Dean, J., who ordered judgment in favor of plaintiff against both garnishee and intervener. State Bank of Round Lake appealed from the judgment. Affirmed.

*Faber & Grottum,* for appellant.

*O. Thoreson,* for respondent.

TAYLOR, C.

The present controversy is between the plaintiff, who holds a judgment against defendant Z. H. Einfeldt for $465.55, and the intervener bank which held a chattel mortgage upon the greater part of Einfieldt's personal property to secure a promissory note representing an indebtedness of approximately $5,000. By an arrangement between Einfeldt and the bank, he disposed of his personal property at a public auction and something over $4,700 was realized from the sale. The cashier of the bank "clerked the sale" and, while the proceeds were still in his hands, plaintiff caused a garnishee summons to be served upon him. In connection with the disclosure made by the garnishee, the record of the sale kept by him and showing each item of property sold and the amount received for it was put in evidence. The bank filed a complaint in intervention claiming the entire proceeds of the sale, to which plaintiff interposed an

answer. The court made extended findings and rendered judgment in favor of plaintiff and against the garnishee for $465.55, the amount of plaintiff's judgment. The intervener appealed.

Several questions are discussed in the briefs which, in the view we take of the case, it is not necessary to consider. The court found, and the sale record, the correctness of which is unquestioned, shows that the amount in the hands of the garnishee received from the sale of property not included in the intervener's mortgage exceeds the amount of the judgment rendered for plaintiff. In this state of the record, it is not necessary to determine whether the intervener waived its lien by consenting to a sale of the property covered by its mortgage, nor whether plaintiff had a prior lien upon the property by virtue of a provision in the lease under which Einfeldt held the farm on which he kept the property.

The intervener claims that, when the arrangement for the sale was made, Einfeldt agreed that the entire proceeds thereof should be applied upon his indebtedness to the intervener, and seems to claim that the lien of the mortgage was extended thereby to cover the proceeds of that part of the property which had not been included in the mortgage. No authority is cited in support of this claim, and we know of none supporting it.

A promise to apply the proceeds of specified property upon a particular debt gives no lien upon such proceeds, and no right to the promisee to pursue that particular fund, until the promisor has appropriated it to the promisee by applying it as a payment on the debt. Hale v. Dressen, 76 Minn. 183, 78 N. W. 1045; 19 Am. & Eng. Enc. 16; 37 C. J. 318, and cases cited. The garnishee summons was served on the day of the sale and immediately after its conclusion. A day or two later, Einfeldt and the garnishee, who was cashier of the bank and acted for it, figured up the amount realized from the sale, and made out and agreed upon a statement showing the total amount received, the several amounts applied upon or reserved for other claims, and the amount to be applied on the note. This statement contains this item, among others: "Held for O'Connor $465.55." The amount so held was deducted in fixing the

amount to be applied on the note. The court found that when the proceeds of the sale were paid over to the intervener, the amount of plaintiff's claim was held out, and was not paid to the intervener nor credited upon its claim. The record sustains this finding, and does not establish, at least not as a matter of law, that the proceeds of the property not included in the chattel mortgage had been appropriated to or applied upon the indebtedness due the intervener in the manner required by the rule before the service of the garnishee summons. It follows that plaintiff acquired a valid lien upon such proceeds by his garnishment, and the judgment must be and is affirmed.