## MORRIS PESIS v. SAM BURDMAN AND ANOTHER. WILLIAM E. MacGREGOR, GARNISHEE; FREDA I. TRALMER AND OTHERS, INTERVENERS.[1]

January 26, 1934.

No. 29,669.

*Sarah Gensler Schwartz,* for appellant.

*William E. MacGregor, Howard P. Quealy, Matthew J. Finley,* and *J. C. Flahavan,* for intervener-respondents.

*William E. MacGregor, pro se.*

*STONE, Justice.*

After a disclosure by the garnishee that he was neither indebted, nor had in his possession or under his control any property belonging, to defendants, plaintiff proceeded by a supplemental complaint against the garnishee. Thereupon the several interveners

[1]Reported in 252 N. W. 454.

appeared and filed their respective separate complaints. The fund, admittedly in the hands of the garnishee, was found, on trial of the issues, to belong to the interveners in stated amounts. The garnishee was held not indebted to defendants or either of them. Plaintiff appeals from the judgment. The interveners and the garnishee are respondents.

Briefly told, the story is this. During the two or three days preceding March 16, 1932, the garnishee, as attorney for defendants, Sam and Mary Burdman, settled a personal injury case and collected on their behalf $7,171.97. Either the garnishee, as attorney for defendants, or the defendants themselves, or both, during the pendency of the action so settled, had incurred indebtedness to interveners for medical and surgical care and attention, nursing, hospitalization, and other services and some "appliances," to the admitted total of $1,755.54. The garnishment summons was served upon the garnishee about 2:30 p. m. March 16, 1932. The money due defendants had been paid them by the garnishee during the forenoon of that day. Payment had not been made to the interveners or any of them. But a day or so previously the garnishee and defendants had, by agreement, stated the account, both as between themselves and as between themselves on the one hand and interveners on the other, the amount due each of the latter having been then liquidated. Thereafter defendants had no interest in or claim to any of the fund remaining in the hands of the garnishee.

Pursuant to an early prearrangement between the garnishee and his clients, the medical and other services and the "appliances," the reasonable cost of which is both substance and total of the claims of the interveners, were procured at the instance and upon the personal credit of the garnishee, who, according to the findings, "represented" to each of the interveners that he, the garnishee, "would collect for each" of them the amounts due them; and that the interveners, and each of them, in effect, employed the garnishee to collect, out of the proceeds of the recovery by the defendants, the amounts due each of them respectively, the garnishee obligating himself accordingly. Some items for witness fees are included in

the claims of the interveners for which the garnishee became responsible in the same fashion.

■ Because of the agreement between the garnishee with the interveners and each of them, the latter, to the utter exclusion of defendants, became entitled to the whole sum in controversy at least a day before any of the money was paid to the garnishee. The moment it was paid it belonged not to defendants or even to the garnishee, but to the interveners, in the sums allocated to them by the decision below. So there was no question of the interveners having a lien, nor any whether the fund "had been appropriated to or applied upon the indebtedness" to the interveners before the service of the garnishee summons. Compare O'Connor v. Einfeldt, 164 Minn. 422, 425, 205 N. W. 268. Here, even before the money was paid to the garnishee, the defendants had parted with all of their interest in the fund sought to be impounded. When paid to the garnishee, it became, in his hands, neither the property of defendants nor that of the garnishee, but the absolute property of the interveners. From that moment on, in respect to the fund, the garnishee was indebted to the interveners and not to defendants or either of them.

■ Some of the interveners taxed statutory costs against plaintiff. On appeal the clerk's taxation was affirmed and judgment entered accordingly. Each of the interveners so· allowed statutory costs appeared by his own attorneys. Each intervener had a separate and independent cause of action asserted by his own complaint in intervention. Issue was joined by plaintiff on each separately, although when it came to trial all were disposed of on the same evidence. They appealed by different attorneys and so each "is entitled, on a recovery in his favor, to a separate bill of costs." Slama v. C. St. P. M. & O. Ry. Co. 57 Minn. 167, 58 N. W. 989.

■ Citing Frank F. Pasch Co. v. Johnson, 162 Minn. 355, 202 N. W. 820, complaint is made for appellant that the agency of the garnishee for interveners was proved by the declarations of the garnishee. So it was. But the declarations were the testimonial statements of a competent witness. There is no rule of either sense or law that makes the testimony of an agent incompe-

tent on the issue of his own agency. The rule of Frank F. Pasch Co. v. Johnson, 162 Minn. 355, 202 N. W. 820, excludes only testimony of extratestimonial declarations of an "assumed agent." We have emphasized this obvious and elementary distinction repeatedly. Farnum v. Peterson-Biddick Co. 182 Minn. 338, 234 N. W. 646; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 149.

Judgment affirmed.

*DEVANEY, Chief Justice,* absent in attendance upon board of pardons, took no part.