# H. R. SELOVER v. A. W. SELOVER AND ANOTHER.[1]

January 7, 1938.

No. 31,456.

[1]Reported in 277 N. W. 205.

*Allen V. Junkin,* for appellant.

*Thompson, Hessian & Fletcher, Godley & Olson,* and *J. A. Mansfield,* for respondents.

HOLT, JUSTICE.

The action is on an instrument reading:

"$1,000.00                                          October 2, 1928.
On or before six months after date we promise to pay to H. R. Selover, or order, One Thousand and no/100 Dollars. Payable at Minneapolis, Minn. Value received with interest before and after maturity at the rate of six per cent per annum, until paid.

This note is payable                 SELOVER & MANSFIELD
out of funds to be
received from Selover                 A. W. Selover
& Mansfield matters.                  J. A. Mansfield"

The evidence is without conflict that just prior to October 22, 1927, a law partnership existed between George H. Selover, the father of plaintiff, and defendants. On that day George H. died, thereby dissolving the partnership. About a month later, defendant A. W. Selover became probate judge of Hennepin county, thus leaving defendant Mansfield sole member to liquidate the partnership affairs. For many years prior to the death of George H. Selover, the partnership was indebted to the Midland National Bank and Trust Company of Minneapolis, evidenced by a $3,000 promissory

note of Selover & Mansfield, indorsed by the individual members. This note apparently represented a loan obtained to purchase some stock issued in the name of George Selover. This stock was found among his papers, but not until after his estate had been probated. It was turned over to plaintiff, the administrator of the estate, but not inventoried because its then worthlessness was ascertained. The $3,000 note was renewed from time to time, both before and after the death of George H. Selover, and after his death renewal notes were indorsed by defendants and plaintiff as administrator. A. W. Selover paid out of his own funds $1,000 upon the note. On October 2, 1928, Mansfield had in his possession $2,000 of partnership funds. Plaintiff and defendants met. Selover asked to be reimbursed for the $1,000 he had paid on the $3,000 note, and Mansfield paid him. Plaintiff gave Mansfield $1,000, and with that and the remaining $1,000 of partnership funds the balance of the note at the Midland bank was paid. As part of the same transaction, the instrument in suit was executed and delivered to plaintiff. It appears that the partnership, after the bank note was liquidated, had no assets except what might be realized as fees out of a retrial of the so-called Bringgold case at Red Wing. The partnership had been retained by the plaintiffs in that case upon a contingent fee. It had been tried and won by the adverse party, but had been reversed and remanded for a new trial when the note in suit was executed. (Bringgold v. Bringgold, 173 Minn. 394, 217 N. W. 362, 365.) It now devolved upon Mansfield to try it. He did so, won the case, and on appeal it was affirmed. (Bringgold v. Bringgold, 185 Minn. 142, 240 N. W. 120.) The amount realized by him for Selover & Mansfield, after deducting necessary disbursements, was $1,363.23, but it appears that before this action was commenced Mansfield had paid out on partnership obligations more than that amount. There was some conflict in the evidence upon other issues raised by the pleadings; but we think the cause of action properly may be disposed of upon the facts above stated, as to which there was no dispute. The case was submitted to the jury, and a separate verdict rendered against defendants, against one for $181.51 and against the other for $181.52. Plaintiff moved in the alternative

for judgment notwithstanding the verdict in the sum of $1,363.23 or a new trial. Each defendant moved for judgment notwithstanding the verdict. Each one of the three had moved at the close of the testimony for a directed verdict in his favor. The court ordered judgment in favor of each defendant notwithstanding the verdict, and plaintiff's alternative motion was denied *in toto*. Plaintiff appeals from the three orders.

Plaintiff's appeal from the orders granting defendants judgment notwithstanding the verdict must be dismissed as not appealable. To review the merits of those orders judgment must be entered, from which an appeal would lie. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1937) § 5084.

But, to dispose of the order denying plaintiff's motion in the alternative for judgment *non obstante* or a new trial, it is convenient to consider whether the defendants were entitled to a directed verdict; for, if they were, any error in the charge or in submitting any issue to the jury becomes immaterial, and there would remain for consideration only rulings relative to the admission or exclusion of evidence to which exceptions were preserved and on which errors are assigned here. In our view, defendants were, upon the undisputed facts, above cited, entitled to a directed verdict. The instrument in suit is not the individual obligation of either defendant, but "is payable out of funds to be received from Selover & Mansfield matters." It was not shown that either of said defendants now had or since the instrument was executed has had possession of such funds. For plaintiff to recover, it was necessary to show the existence of a fund in the hands of defendants out of which payment could be made. Kelly v. Bronson, 26 Minn. 359, 4 N. W. 607; Liberty State Bank v. Metropolitan Church Assn. 154 Minn. 248, 191 N. W. 414. The defendant Selover had not since this note was given had any such funds in his possession, and it appears that defendant Mansfield has paid out more upon partnership indebtedness than came into his hands of partnership funds since the instrument was executed. Even though the note represented a loan, it was a loan to the partnership of Selover & Mansfield, payable out of the partnership matters. Plymouth Cordage Co. v. Seymour, 67

Minn. 311, 69 N. W. 1079; Hale v. Dressen, 76 Minn. 183, 78 N. W. 1045; O'Connor v. Einfeldt, 164 Minn. 422, 205 N. W. 268. The syllabus in the Hale case states:

"A promise by a debtor to pay his creditor out of a designated fund, of which the debtor retains control, when the same is received by him, is a personal agreement only, and cannot be construed as an equitable assignment of, or a lien on, the fund."

It was the duty of Mansfield to liquidate the partnership affairs and apply its assets to the payment of the partnership obligations existing at the time plaintiff received the instrument in suit. Our partnership statutes, 2 Mason Minn. St. 1927, §§ 7421(1), 7423(b), bear on the right of Mansfield to apply partnership assets first to pay partnership debts before placing anything in the fund to pay this note held by plaintiff. It is not necessary to consider the value of Mansfield's services in the Bringgold litigation, for, that aside, more had been disbursed by him in payment of partnership debts than the amount realized in fees to the account of Selover & Mansfield out of the Bringgold case.

There was no error in the reception of parol evidence to identify the "funds to be received from Selover & Mansfield matters." This parol testimony brought out the facts first above stated. Such facts were really not in dispute. Those facts do not tend to vary the document in suit. That the evidence was properly received is established as clearly by the early case of Kelly v. Bronson, 26 Minn. 359, 4 N. W. 607, as by citing the numerous decisions since to the same effect. Of the evidence received over plaintiff's objection, we find nothing that could possibly justify the court in refusing to direct a verdict in favor of defendants. There is no assignment of error as to the exclusion of any evidence offered by plaintiff, so there is no ruling on the admission or exclusion of evidence upon which to predicate a new trial.

Since, as above stated, defendants were entitled to a directed verdict when they made the motion therefor, the subsequent proceedings, insofar as therein finding any ground for a new trial, become immaterial. It matters not what issues were submitted to the

jury or in what language, for the verdict stands for nothing. We may, however, state that the defense of no consideration failed. The instrument recites "for value." Plaintiff changed his position from an indorser as administrator of the Midland bank note by furnishing his own funds in exchange for the instrument in suit. In whatever light the entire transaction of October 2, 1928, is viewed, there was a legal consideration parted with by plaintiff, and so we have assumed in this decision. Defendants being entitled to a directed verdict, it follows that, there being no errors in the admission of the testimony upon which such directed verdict was based, plaintiff's motion was rightly denied.

The order denying plaintiff's alternative motion is affirmed.

