Nan Mary KARNES, Respondent,

v.

MILO BEAUTY AND BARBER SUPPLY COMPANY, INC., d/b/a The Milo Corporation, et al., Appellants.

No. C5–88–2537.

Court of Appeals of Minnesota.

Jan. 17, 1989.

and a certified copy of a judgment entered October 31, 1988.

Gary L. Huusko, St. Paul, for respondent.

Susan L. Segal, Gray, Plant, Mooty, Mooty, & Bennett, Minneapolis, for appellants.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and CRIPPEN, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

On December 9, 1988, appellants filed a notice of appeal seeking review of a judgment allegedly entered on September 16, 1988. Appellants' statement of the case indicated the appeal was from an "Order for Entry of Judgment" dated September 16, 1988. Appellants did not file a certified copy of a September 16 judgment with the appeal as required by Minn.R.Civ.App.P. 103.01, subd. 1, but instead submitted a certified copy of an order for judgment dated September 16, 1988. Appellants also did not file proof of service of their notice of appeal on respondent and the clerk of the trial court as required by Rule 103.01, subd. 1. (Appellants' notice of appeal did contain an unnotarized statement indicating a copy of the notice of appeal had been served on respondent's counsel.)

This court ordered appellants to file a certified copy of the alleged September 16 judgment and proof of service for their notice of appeal, and directed the parties to file memoranda on whether appellants had appealed from a nonappealable order for judgment. Appellants have now filed proof of service for their notice of appeal

### DECISION

Appellants have attempted to appeal from the September 16 order for judgment, which is not appealable. *Swicker v. Ryan,* 346 N.W.2d 367, 368 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. June 12, 1984). The proper appeal is from the October 31 judgment, which was entered pursuant to the September 16 order. Minn.R. Civ.App.P. 103.03(a).

Generally, notices of appeal are to be liberally construed in favor of their sufficiency and are not defective for clerical errors which could not have been misleading. *Kelly v. Kelly,* 371 N.W.2d 193, 195–96 (Minn.1985). However, in light of the errors made in this case, the court declines to construe the appeal as taken from the October 31 judgment. Neither appellants' notice of appeal nor their statement of the case even referred to an October 31 judgment. No certified copy of the judgment was filed with the appeal. In short, the appeal papers did not evidence a clear intent to seek review of the October 31 judgment.

The rules of civil appellate procedure *do not* authorize parties to amend their notice of appeal. *Montgomery v. American Hoist & Derrick Co.,* 343 N.W. 2d 49 (Minn.Ct.App.1984). Appellants have sufficient time to properly perfect an appeal from the October 31 judgment. We trust the errors made in the filing of this appeal will not be repeated.

APPEAL DISMISSED.