**Lesley J. BERNEY, Respondent,**

v.

**UNITED HOSPITAL, et al., Appellants.**

**No. CX–89–1099.**

Court of Appeals of Minnesota.

July 25, 1989.

James R. Bell, St. Paul, for respondent.

John R. McBride, Felhaber, Larson, Fenlon and Vogt, P.A., St. Paul, for appellants.

Considered at Special Term and decided by PARKER, P.J., and FORSBERG and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

PARKER, Judge.

### FACTS

Respondent Lesley Berney brought suit against appellants United Hospital and one of its nurses for personal injuries she sustained as a result of medical care. A jury determined appellants were not negligent.

Berney subsequently moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. By order dated May 17, 1989, the trial court directed that judgment be entered in Berney's favor, notwithstanding the findings of the jury. Judgment was entered on June 26, pursuant to the May 17 order.

United Hospital, et al. filed this appeal seeking review of the May 17 order. This court questioned jurisdiction.

### DECISION

Minnesota formerly permitted an appeal from an order granting judgment notwithstanding the verdict, where the order issued in response to an alternative motion for judgment notwithstanding the verdict or for a new trial. *See Allison v. Chicago Great Western Railway Co.*, 240 Minn. 547, 62 N.W.2d 374 (1954); *Snyder v. Minnetonka & White Bear Navigation Co.*, 151 Minn. 36, 185 N.W. 959 (1921). However, these cases were based upon language in Minn.Stat. § 605.06 (repealed 1963 Minn. Laws ch. 806 § 18) and former Minn.R.Civ.P. 50.02(2) (now deleted), which implied such orders were appealable. Since the statute has been repealed and the rule has been modified, these cases are no longer controlling. *See Ginsberg v. Williams*, 270 Minn. 474, 479, 135 N.W.2d 213, 217–18 (1965) (when provision authorizing certain type of appeal is deleted, right to appeal is thereby abolished and "no longer exists").

A number of decisions have held that an order granting judgment notwithstanding the verdict is not appealable. *See Laramie Motors, Inc. v. Larson*, 253 Minn. 484, 92 N.W.2d 803 (1958); *Selover v. Selover*, 201 Minn. 562, 277 N.W. 205 (1938); *Sanderson v. Northern Pacific Railway Co.*, 88 Minn. 162, 92 N.W. 542 (1902).

■■■■■ None of the current provisions in Minn.R.Civ.App.P. 103.03 authorizes an appeal from an order granting judgment notwithstanding the verdict. *See* Minn.R.Civ.App.P. 103.03, Comment ("There is a right of appeal only from a judgment or an order enumerated in Rule 103.03."). Orders for judgment are generally not appealable.

*Karnes v. Milo Beauty & Barber Supply Co.*, 434 N.W.2d 288 (Minn.Ct.App.1989). Appellants may still appeal from the June 26 judgment.

Appeal dismissed.