JOHN MARTIN and another, Assignees, *vs*. CHARLES A. PILLSBURY and others.

October 20, 1876.

Set-off as against Assignees.—On March 12, 1875, Judd made a negotiable promissory note, due (allowing grace) June 15th. Prior to June 12th the note was sold and transferred to defendants. On June 12th defendants purchased of Judd a quantity of lumber for $452.30, payable June 30th. On June 14th Judd, being insolvent, made a general assignment of all his property to plaintiffs, for the benefit of his creditors. Defendants had no notice of the assignment until after the maturity of the note. *Held*, that in an action brought by the plaintiffs to recover the price of the lumber, the defendants are entitled to set off the note.

This action was brought in the court of commom pleas of Hennepin county, by plaintiffs, as assignees of William S. Judd, under a general assignment for the benefit of creditors, to recover the price of lumber sold by Judd to defendants. The defendants answered, alleging a set-off, as stated in the opinion. A demurrer to the answer was sustained by *Young*, J., and the defendants appealed.

*Cross & Hicks*, for appellants.

*D. A. Secombe*, for respondents.

BERRY, J. On March 12, 1875, William S. Judd made a negotiable promissory note for $500, payable in three months. Prior to June 12th following, the note was sold and transferred to defendants. On June 12th defendants purchased of Judd a quantity of lumber, for $452.30, payable June 30th. On June 14th Judd made a general assignment of all his property to plaintiffs for the benefit of his creditors. Allowing grace, the note fell due June 15th. Defendants had no notice of the assignment until after maturity of the note. The plaintiffs bring this action to recover the price of the lumber. Defendants answer, setting up the facts above stated, as also Judd's insolvency, and ask to have the amount due them on the note set off against the plaintiffs' claim. From an order sustaining a demurrer to their answer, defendants appeal.

Our statute (Gen. St. c. 66, § 27) provides that, "in the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off, or other defence, existing at the time of, or before notice of, the assignment." The words "existing at the time of, or before notice of, the assignment," apply to set-offs as well as to other defences. *Harris* v. *Burwell*, 65 N. C. 584; *McCabe* v. *Grey*, 20 Cal. 509. As respects his right to interpose a set-off or other defence, the effect of the statute is that, until he has notice of the assignment, the defendant occupies the same position as if the thing in action assigned was still held by the assignor.

In the case at bar, the defendants, at the time they received notice of the assignment, were the holders of a matured note against the assignor; the claim assigned to the plaintiffs was not due, and the assignor was insolvent. This state of facts brings the case within the doctrine of *Lindsay* v. *Jackson*, 2 Paige, 581. This doctrine is succinctly stated in *Bradley* v. *Angel*, 3 N. Y. 475, as follows: "A having a

demand against B which is due, and B one against A not due, A may in equity compel a set-off, if B is insolvent." See, also, *Colyer* v. *Craig*, 11 B. Monroe, 73. Upon the construction which we have given to the statute, the defendants, as respects this equitable right of set-off, which accrued before notice of the assignment, occupy the same position as if the thing in action assigned was still held by the assignor. It is, therefore, available in their favor against the plaintiffs.

For the purpose of maintaining his position, that no debt or demand, not due at the time of an assignment, can be set off, within the meaning of the statute before quoted, the counsel relies upon several cases from New York, especially upon *Martin* v. *Kunzmuller*, 37 N. Y. 396. In New York the statute under which the case cited was decided is as follows, viz. : "If the action be founded upon a contract, other than a negotiable promissory note or bill of exchange, which has been assigned by the plaintiff, a demand existing against such plaintiff or any assignee of such contract, at the time of the assignment thereof, and belonging to the defendant, in good faith, before notice of such assignment, may be set off to the amount of the plaintiff's debt, *if the demand be such as might have been set off against such plaintiff or such assignee while the contract belonged to him.*" The latter clause (which we have italicised) is not found in our statute, which is, therefore, in our opinion, so essentially and materially different from the statute of New York as to render decisions based upon the latter inapplicable, so far as the point involved in the case at bar is concerned.

Order reversed.