ANDREW NORDSELL v. C. E. NEILSEN AND ANOTHER.
C. R. WILKINSON, APPELLANT.[1]

November 4, 1921.

No. 22,366.

**Set-off and counterclaim — claims against assignor of chose in action.**

1. A chose in action assigned before maturity is, in the hands of the assignee suing thereon, subject to offsets on account of claims or obligations against the assignor acquired by the defendant before notice of the assignment.

**Exclusion of evidence error.**

2. It was error to exclude proof that, under a separate oral contract made at the same time the contract sued on was signed, a certain amount was due and payable to defendants prior to notice of the assignment.

**Exclusion of offset error.**

3. The note of one of the defendants was provable as an offset.

Action in the district court for Ramsey county to recover $375 due on contract. The case was tried before Hanft, J., who when plaintiff rested denied defendant Neilsen's motion to dismiss the action, made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial, C. R. Wilkinson appealed. Reversed.

*Walter L. Chapin,* for appellant.
*George Nordlin,* for respondent.

HOLT, J.

Oliver Nolan had invented a machine for molding concrete. On April 22, 1913, he made a written contract with defendants, as partners, whereby the latter were licensed to manufacture and vend the machines, and, for the license to so do, they agreed to pay Nolan $25 for each ma-

[1]Reported in 184 N. W. 1023.

chine manufactured, "and further that the amount of license fee upon the molding machines to be manufactured by them within one year from the date of this agreement shall not be less than three hundred and seventy-five dollars." On December 13, 1913, Nolan, to secure the repayment of money loaned to him by plaintiff, transferred the contract to the latter and particularly the payment of the said $375. This action to recover that amount was brought by the assignee. Defendants answered separately and alleged set-offs. The court found for plaintiff, and the defendant Wilkinson appeals from the order denying a new trial.

The court excluded evidence offered of the two set-offs pleaded, and this presents the only assignments of error. The appellant alleged that, prior to the making of the contract with Nolan, the defendant Neilsen had made five machines for Nolan at the agreed price of $75 each; that Nolan was unable to pay for them; that thereupon the contract in suit was made, and it was further agreed at that time, between Nolan and the defendants, that "Nolan should within a reasonable time dispose of the five machines at $125 each and should pay these defendants therefrom the sum of $100 for each machine, out of which should be paid the initial cost of $75 and the balance applied on the sums, if any, due under the terms of" the contract in suit, and that Nolan never took possession of or sold any of the machines. The excluded offer of proof was substantially in accord with the allegations.

It is to be noted that the contract assigned to plaintiff was executory. It contemplated that defendants should proceed to manufacture the machines. If they failed, as they did, nothing came due until the end of the year, when the minimum royalty was payable; hence, it is argued, the claim is not subject to any set-off. Bradley v. Thompson Smith's Sons, 98 Mich. 449, 57 N. W. 576, 23 L.R.A. 305, 39 Am. St. 565, is cited, which holds that a creditor cannot set off, against the assignee of a chose in action not due at the time of the assignment, a claim that was mature before that time. But the contract there assigned was. a logging contract wholly executory, and the court says of it that it is "but an executory promise to pay upon the performance of something else. His right of action, when it accrues, may be a mere action for

150 M.—15.

damages for a breach of contract. He could not set off such right, if the promisor should sue him upon the cross-demand, and it is a matter which may never become a debt." However, the Michigan statute (3 How St. § 7365) does not read like ours, but provides that a defendant's demand may be set off "if the demand be such as might have been set off against such plaintiff or such assignee while the contract belonged to him." The court in the case cited seems to hold that assignee as used in the statute means the assignor of the claim.

Our statute, section 7675, G. S. 1913, differs. It reads: "If a thing in action be assigned, an action thereon by the assignee shall be without prejudice to any set-off or defense existing at the time or before notice of the assignment."

California has a similar statute, and in St. Louis Nat. Bank v. Gay, 101 Cal. 286, 35 Pac. 876, it was held that against a demand not due at the time defendant received notice of the assignment, a set-off may be had, the demand and set-off being both due at the time the suit was instituted. The court says: "A debtor may fortify himself against the coming suit of his creditor by the purchase of any cross-demands which may be counterclaimed when that suit shall come, and between them an assignee has no standing until he shall have given notice of the assignment. * * * The relative times at which the notes in the case at bar matured is of no consequence, since they were due at the commencement of the action." The chose in action there was a nonnegotiable note not due when assigned, and neither was the claimed set-off.

In Martin v. Pillsbury, 23 Minn. 175, it was held that the defendant had the right of set-off against the chose in action assigned to plaintiff, even though not due when the defendant received notice of the assignment. In that case authorities from New York were relied on to the point that no proper set-off could be had, since the claim sued on had not matured at the time the notice of the assignment was given, but the court called attention to the difference between our statute and that of New York, the latter having the clause contained in the Michigan statute above quoted. We therefore hold that, although the contract had not matured at the time it was assigned, that fact did not deprive

defendants of any set-off they then had or might have acquired against the assignor before notice of the assignment.

Counsel for plaintiff cites 22 Am. & Eng. Enc. (1st ed.) 301; 24 R. C. L. § 46, Set-Off & Counterclaim, and 34 Cyc. 746. The text, to the effect that unless the chose assigned and the set-off claimed are both due when the transfer is made the set-off is not available, is supported by decisions from New York, Michigan, Montana and Ohio. The clause quoted from the New York statute in Martin v. Pillsbury, supra, is common to the statutes of Michigan and Montana, and the Ohio court construes their statute to mean the same as that of New York.

The contract transferred to plaintiff is not contingent. Three hundred and seventy-five dollars became due and payable absolutely at the end of the year, and it may be noted that it was assigned to plaintiff to the extent of that amount only.

The claimed set-off was matured, under the pleading and offer of proof, when the assignment was made. To constitute an off-set, however, the claim or demand must be liquidated, or susceptible of computation. 24 R. C. L. title Set-Off & Counterclaim, § 60. We are inclined to think that at least as to the amount that should be applied upon the contract plaintiff holds, viz. $125, or $25 for each of the five machines Nolan agreed to sell, the claimed set-off is liquidated and certain.

The other set-off pleaded and of which proof was excluded was a promissory note made by Nolan to the defendant Wilkinson for $100, dated October 24, 1912, and due six months after date. It is clear that this was a proper set-off under the interpretation of section 7675, G. S. 1913, herein adopted, provided a partner may off-set his separate claim against an obligation sought to be enforced against his partnership. We think he may do this. The contract sued on was the joint and several obligation of defendants, and plaintiff asks for a several judgment against them. A several judgment may be entered on a partnership obligation against one partner. Section 7916, G. S. 1913.

We think there was error in excluding proof of the set-offs pleaded.

The order is reversed.