BOEGER & BUCHANAN et al., Appellants, v. JOHN F. HAGEN et al., Appellees.

**PARTNERSHIP:** Liability of Partners—Primary Liability on Partnership Debts. A partnership debt is the individual *primary* liability of each and every member of the partnership. It follows that, when a partnership is indebted to a bank and the bank fails, an individual deposit in the bank, belonging to one of the partners of said partnership, should be credited on the partnership debt to the bank.

Headnote 1: 7 C. J. p. 659; 30 Cyc. pp. 533, 552.

Headnote 1: 20 R. C. L. 912.

*Appeal from Decatur District Court.*—A. R. MAXWELL, Judge.

OCTOBER 18, 1927.

An action in equity, to compel the receiver of a defunct bank to allow certain offsets. The district court allowed part of the offsets claimed. From a refusal to allow others plaintiffs appeal.—*Reversed.*

*O. M. Slaymaker* and *R. E. Killmar,* for appellants.

*A. P. Olsen* and *Hoffman & Hoffman,* for appellees.

ALBERT, J.—The Farmers & Traders State Bank of Leon closed its doors in December, 1924, and a few days thereafter, a receiver was appointed. Plaintiff firm consisted of only two members, Myles Boeger and F. G. Buchanan. It had been engaged in business for several years before the time this bank

closed. On November 10, 1924, the firm executed a note to this bank for $2,500. On November 17, 1924, Myles Boeger executed his personal note to the same bank for $300. These notes, when delivered to the Farmers & Traders State Bank, passed into the hands of the Federal Reserve Bank of Chicago. The record is not very clear whether they were rediscounts or put up as collateral security. This fact, however, is not very material in the consideration of the case, as the receiver of the Farmers & Traders State Bank made settlement with the Federal Reserve Bank, and at the time of the suit, these notes were in the hands of such receiver as assets of the Farmers & Traders State Bank.

At the time the receiver took over this bank, the firm of Boeger & Buchanan had a credit in their open deposit account of $1,025.55. At the same time, Myles Boeger personally had on deposit in his open account the sum of $1,333.05. The plaintiffs' claim, as filed in the district court, was that the sum of $1,025.55 then on deposit should be set off against the $2,500 note of the firm. On the trial, this was conceded by the receiver. It was further claimed that the Myles Boeger note of $300 should be offset by the amount due on that note from the personal account of Myles Boeger. This was also conceded by the receiver. This left about $1,000 in the personal account of Myles Boeger. The partnership claim is that there was an agreement that this balance in the account of Myles Boeger was partnership money, and should be allowed as an offset against the partnership note of $2,500. The balance of the partnership note, after deducting the $1,025.55 and also the balance left in the Myles Boeger account after taking out his individual note, was paid in cash.

Appellants correctly summarize the question left in the case as follows:

"The only question for determination is this: Is the $1,033.05 of the money standing in the name of Myles Boeger on deposit in the Farmers & Traders State Bank to be used to pay the balance of the $2,500 note, or is the firm and its members to be required to pay the balance of this note, and Boeger be required to accept a depositor's claim as against the closed bank for $1,033.05? If it be held that the deposit account standing in the name of Myles Boeger to the amount of $1,033.05 be used to pay the balance of the $2,500 note, this cause should be re-

versed; while, on the other hand, should it be held that the account is not to be so used, then this cause should be affirmed."

It may be well to consider at the outset some underlying principles of partnership that we deem controlling in the determination of this case. It goes without saying that the partnership assets are liable for the payment of the partnership debts. Are the assets of the individual partner equally liable for the payment of partnership debts; or are his individual assets only a secondary fund, in the nature of a surety or guaranty for the payment of such partnership debts, which fund can only be resorted to in the event that the partnership funds are insufficient to pay such indebtedness?

The answer to this question is equally apparent when we stop to consider the relations of the individual partner to the firm indebtedness. If he, as an individual, is only secondarily liable, equally so his property would only be secondarily liable; but if he is primarily liable as an individual for the indebtedness of the firm, we know of no reason why his property is not equally primarily liable. Mr. Justice Holmes, in the case of *Francis v. McNeal*, 228 U. S. 695 (57 L. Ed. 1029), said:

"Since Cory on Accounts was made more famous by Lindley on Partnership, the notion that the firm is an entity distinct from its members has grown in popularity, and the notion has been confirmed by recent speculations as to the nature of corporations and the oneness of any somewhat permanently combined group without the aid of law. But the fact remains as true as ever that partnership debts are the debts of the members of the firm, and that the individual liability of the members is not collateral, like that of a surety, but primary and direct, whatever priorities there may be in the marshaling of assets."

In the case of *Bibbins v. Clark & Co.*, 90 Iowa 230, we had before us the question of whether or not the taxes assessed against a firm on its personal property became a lien on the individual real estate of the partners. We there said:

"While it is true that taxes assessed on firm property are a demand against the partnership as such, they are also a demand against each member of the copartnership. Each copartner is liable individually for the firm debts and obligations, and these include taxes."

Section 10983, Code of 1924, reads as follows:

"Actions may be brought by or against a partnership as such, or against all or either of the individual members thereof, or against it and all or any of the members thereof; and a judgment against the firm as such may be enforced against the partnership property, or that of such members as have appeared or been served with notice."

Under this section it has been held that an action may be brought against only one of the partners as an individual, and such partner cannot insist that the partnership as such and the other individual partners be joined. *Roenfeld v. Poston,* 186 Iowa 769.

Under the statutes of this state and the interpretation we have placed upon the same in our decisions, it must follow that the rule suggested by Justice Holmes in the above quotation from the United States Supreme Court is the rule in Iowa, to wit: that a partnership debt is in reality the individual debt of each of the individual members of the partnership, and their liability thereon is a primary liability, and not a secondary one. It is the logical deduction from this rule, therefore, that the balance due on the $2,500 note in question herein is the primary liability of both Boeger and Buchanan, the members of this partnership. Myles Boeger, therefore, by reason of this partnership note, was primarily liable to the holder of the note for the full amount thereof. In other words, under our statutes, as construed by us, the holder of the note could have disregarded Buchanan and the partnership, and could have sued Myles Boeger individually on this note, and could have collected it out of the personal assets of Myles Boeger, regardless of whether or not the partnership had assets. Having reached this conclusion, we see no escape from the further conclusion that, this balance due on said $2,500 note being the personal and primary liability of Myles Boeger to the bank, there seems to be no reason why he should not have been permitted to offset the balance of his deposit against the balance due on said note. The holding of the district court as to this matter being otherwise, it was erroneous.—*Reversed.*

EVANS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.