# WILLIAM PRATT AND OTHERS v. E. M. MARTIG AND OTHERS.[1]

January 9, 1931.

No. 28,132.

[1]Reported in 234 N. W. 464.

D. C. *Sheldon* and A. J. *Rockne,* for appellants.
*Burdick & Campbell,* for respondents.

OLSEN, J.

Defendants appeal from an order denying their motion for a new trial.

On November 24, 1919, one O. S. Campbell sold and agreed to convey to defendant E. M. Martig, by contract in writing, a tract of about 76 acres of land in Dodge county. Campbell has since died and plaintiffs have succeeded to his interest in the land and contract. The purchase price was $9,406.25. Five hundred dollars thereof was paid at the time the contract was made, and $1,500 was to be and was paid on March 8, 1920. The balance of $7,406.25 was payable on or before ten years, which would be November 24, 1929, with interest at the rate of five and one-half per cent per annum. The seller was to pay the taxes payable in 1920, and the purchaser agreed to pay the taxes thereafter. Time of payment was made the essence of the contract. Other provisions of the contract need not here be recited. The contract contains no acceleration clause granting any power to the seller to declare the balance of the purchase price due in case of default in payment of interest or taxes.

On November 18, 1920, E. M. Martig, his wife joining therein, assigned the contract, by written assignment, to defendant Ida Buchholtz, and she assumed and agreed to pay the balance of the purchase price and to perform Martig's part of the contract. She took possession of the land and farmed and occupied the same by tenant and, so far as the evidence shows, continued so to use and occupy the land up to the time this action was commenced.

The action was commenced in February, 1928. At that time there was default in the payment of $407.34 interest due on November 24, 1927, and default in the payment of $84.66 taxes payable in 1927. Mrs. Buchholtz had paid the interest and taxes up to 1927. The complaint in the action seeks recovery not only of the interest and taxes in default, but also of the $7,406.25 to become due on the contract on November 24, 1929, and asks that the entire amount with costs be declared a lien on the land; that the land be sold to pay the same and expenses of sale; that defendants be barred of any right of redemption; and that plaintiffs have judgment for any deficiency. The action was tried early in October, 1929, and the court by its findings of fact and conclusions of law granted to plaintiffs the relief prayed for, with the qualification that plaintiffs were to execute a quitclaim deed to the defendants and file same with the clerk of court and defendants to have 30 days to pay the amount so found due and receive the deed. The court retained jurisdiction to make further disposition of the case if such payment was made.

The defendants, by motion for a new trial and assignments of error, challenge a number of findings of fact and conclusions of law made by the trial court. The defendant Stucky, who was not a party to the land contract or the assignment thereof to Mrs. Buchholtz, was by the complaint sought to be held liable thereon on the claim and theory that at the time the contract was entered into between Campbell and Martig said Stucky and Martig were engaged in a joint adventure and partnership in the purchase of the land and that Martig purchased the land for himself and Stucky jointly or as partners, and that Stucky participated in the negotiations and purchase and furnished part of the money. The court so found and held defendant Stucky liable on that ground.

We fail to find any evidence sufficient to sustain these findings. There is some evidence that Martig and Stucky were purchasers and owners in common of two or three other tracts of land in 1919 and 1920. But a purchase or ownership of land in common does not make the owners either partners or joint adventurers. The term

"partners" is quite often used by people in reference to owners in common. It was so used by some of the witnesses in this case. Such a characterization is not proof of a legal partnership. There is an entire lack of evidence as to any agreement between Martig and Stucky to become or be either partners or joint adventurers in the purchase of this land. Defendant Stucky was not present at and took no part in the negotiations for or making of the contract between Martig and Campbell. He paid no part of the initial payment of $500. He did not know about the transaction until some months thereafter.

There is some evidence that about March 8, 1920, Martig gave to Stucky a quitclaim deed of a half interest in the land, although no such deed was produced in evidence or found on record, but no evidence as to any assumption by that deed of any liability under the contract. A quitclaim deed or an assignment of a contract to sell and convey land does not impose any personal liability upon the assignee of such contract or the grantee in such deed to pay the unpaid purchase price on the contract unless the assignment or the deed contains a provision whereby the assignee or grantee assumes and agrees to pay it. Meyer v. Droegemueller, 165 Minn. 245, 206 N. W. 391. The fact that the assignee or grantee takes and is in possession of the land does not change the rule. Id.

There is evidence that at the time the payment of $1,500 was made Stucky aided Martig in raising some money to make the payment and that Stucky and one Andrist contemplated buying or taking over from Martig a half interest in the land. Martig expected to receive a deed of the land from Campbell at that time. When Stucky and Andrist found out that a deed could not be obtained they declined to purchase. There is evidence that Stucky said at that time that he was interested in the matter. He was interested until he ascertained that no deed was to be given. There is some evidence of statements made by Martig at times when Stucky was not present. Upon the whole record we find no evidence sufficient to impose any liability upon the defendant Stucky to pay any part of the contract price of the land or any taxes

thereon. It was error so to find and to hold him personally liable for any sum.

■ As to the defendants Martig and Ida Buchholtz, we know of no theory on which the plaintiffs could accelerate the due date of the $7,406.25 due on this contract on November 24, 1929, so as to recover personal judgment thereon against them, either on the theory of an action to recover payments or on the theory of specific performance.

■ In a reply to an amended answer of these two defendants, there was an allegation that defendants had abandoned the premises and allowed weeds and thistles to develop thereon, and there were findings by the court that defendants had so abandoned the premises during the year 1927 and had repudiated the contract. The only evidence we have found to sustain this finding is a hearsay statement made by the tenant that he did not intend to continue on the place and a general statement of a witness that weeds had been allowed to grow up. The contract contains no covenant or requirement imposing any obligation on the part of the buyer to keep up or care for the premises, and the evidence is insufficient to sustain any finding of abandonment of the land or repudiation of the contract. That farm lands may lie idle for a part or all of one season does not constitute abandonment.

■ Defendants contend that, because the contract does not provide expressly that the interest shall be payable annually, therefore there was no interest due until the due date of the principal, hence no default in payment of interest. Taking the contract as a whole, we are satisfied that the intention was that interest be paid annually. It was so paid for some seven years, and the court was justified in construing the contract as requiring interest to be paid annually.

■ Defendants Buchholtz and Martig interposed a counterclaim for the $2,000 paid on the contract, on the ground that by bringing this action and having a receiver appointed to take charge of the land plaintiffs had breached the contract and wrongfully deprived them of possession so that they were entitled to damages and to

recover what they had paid. A receiver was appointed on July 25, 1928, and did then take possession of the land. These defendants did not appear at the hearing on the motion to appoint a receiver and have made no motion to have the receiver discharged. With the present findings it was not necessary, and the court did not make any finding on the counterclaim. On a new trial it may become necessary to make findings on that issue. It is not for this court to make findings here.

■ There are errors assigned upon reception of evidence. We think it was error to receive evidence as to transactions unrelated to the land and contract here in question between defendants Martig and Stucky. And evidence as to taxes due subsequent to 1927 was not relevant.

On the present record there should be no recovery of any money judgment against defendant Leonard Stucky. If upon the return of the case to the district court that court should on proper application permit plaintiffs to serve and file a supplemental complaint setting up the failure of the defendants Martig and Buchholtz to pay the $7,406.25 and interest due on the contract November 24, 1929, the controversy as to them could well be tried out fully without the bringing of a new action.

Order appealed from reversed and new trial granted.