## NATIONAL RADIATOR CORPORATION v. THOMAS F. SHEA.[1]

January 16, 1931.

No. 28,142.

*Kerr, Nelson, Burns & Mohan,* for appellant.
*John C. DeCourcy,* for respondent.

DIBELL, J.

Action to recover $782.25 claimed to be the balance due upon boilers and radiation purchased by the defendant through H. J. Warneke, operating under the name of Continental Sales Company. Warneke was a sort of distributing agent for the National Radiator Company, which was absorbed in the plaintiff upon the consolidation of several companies of similar character. The case was tried to a jury. At the close of the testimony the court directed a verdict for the plaintiff for $782.25, the difference between the purchase price of $2,032.25 and the $1,250 paid by the agent. The defendant ap-

[1]Reported in 234 N. W. 648.

peals from the order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

There are two points:

(1) Whether Warneke had actual authority to receive the payments.

(2) Whether there was error in refusing the testimony of one of the attorneys for the defendant as to a conversation with one claimed to be the representative of the plaintiff relative to the authority of Warneke.

■ The defendant from May 14, 1927, to October 15, 1927, at various times paid by eight checks drawn in favor of the Continental Sales Company the sum of $2,024.55 upon merchandise purchased. The difference of $7.70 between the sale price and the checks arose because of a repair made by the defendant and allowed by Warneke. Whether he had authority to make the allowance we do not consider now. On August 1, 1927, Warneke, who had up to that time collected from Shea $1,710, sent to the radiator company by cashier's check $1,250, to be applied on the account of Shea. Thereafter Shea paid Warneke $314.55. This was not remitted by the sales agency. All that Warneke paid was the $1,250 by cashier's check. The evidence shows that four other plumbing or heating contractors about the same time purchased through Warneke and paid him under such circumstances that a jury might infer fairly that the company knew of it.

The defendant does not ask to avoid recovery upon the theory of apparent authority in Warneke or upon the ground of estoppel. There must be proof of actual authority; and in this case it may be said as it is said in many cases, actual authority may be authority implied in fact and circumstantially proved. The principle is fairly established. Columbia Mill Co. v. Nat. Bank of Commerce, 52 Minn. 224, 53 N. W. 1061; Dispatch Printing Co. v. Nat. Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 50 L.R.A.(N.S.) 74; Johnson v. Evans, 134 Minn. 43, 158 N. W. 823; Bloomingdale v. Cushman, 134 Minn. 445, 159 N. W. 1078; Koivisto v. Bankers & M. F. Ins. Co. 148 Minn. 255, 181 N. W. 580. Within these cases the

question of authority in the agent was for the jury, and a verdict should not have been directed for the plaintiff.

■ The defendant sought to show by one of his attorneys appearing in the case that after the controversy arose a representative of the plaintiff, styling himself secretary to the vice president, came to St. Paul and through the plaintiff's representative there sought and had a conference with the defendant's counsel relative to the troubles that had arisen through the failure of the Continental Sales Company to remit; and it was proposed to show, as we gather, that in the conference there was something in the nature of an admission that the sales agency had the authority to receive payment for the plaintiff. The evidence as to the coming and authority of this agent is not wholly satisfactory. There was considerable controversy over the reception of the evidence and some confusion and some uncertainty as to what the proof showed.

Agency cannot be proved by the declarations of the agent, but it may be proved circumstantially. See 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 149. The question was recently discussed in Farnum v. Peterson-Biddick Co. 182 Minn. 338, 234 N. W. 646, where one represented himself as agent and the proof was held insufficient. Here the proof was such, or at least it fairly appears that if the defendant had been allowed to proceed it might have been sufficient, to justify the testimony of the defendant's attorney. Whether it would have had sufficient probative value is hardly before us.

There was offered and received in evidence what purported to be a written assignment of the account. There was no proof of the signature of the assignor, and there was no proof of delivery of the instrument. There was proof that the plaintiff was a result of the merger of several companies. Perhaps the defendant has not much question that the plaintiff is the right party to sue, and surely he has no interest other than to protect himself against a second recovery. We take it the parties will not desire to have it a serious question in further litigation, and we indulge in no discussion of it.

Order reversed.