## JOHN H. FARNUM AND ANOTHER v. PETERSON-BIDDICK COMPANY.[1]

January 16, 1931.

No. 28,137.

*Ryan & Ryan,* for appellants.
*Mark & Barron,* for respondent.

WILSON, C. J.

Plaintiffs appealed from an order denying their alternative motion for judgment non obstante or a new trial.

[1]Reported in 234 N. W. 646.

Defendant deals in produce at Wadena, Minnesota. In December, 1926, it shipped a carload of dressed turkeys to plaintiffs, commission merchants at Boston. Its sight draft for $10,416.58, with bill of lading attached, was honored. When sold the net proceeds were $1,992.25 less than the amount advanced. Plaintiffs now seek to recover this shortage and interest.

The answer alleged that plaintiffs negligently failed to use reasonable care and diligence in selling the turkeys and kept the same for an unreasonable length of time; and alleged that plaintiffs failed to comply with defendant's instructions to wire the daily market for one particular week, all to defendant's damage in the sum of $3,000.

The reply alleged that defendant waived any and all negligence, if any, of which plaintiffs were guilty. Plaintiffs' evidence was submitted through depositions.

■ Mr. Peterson, the president of defendant corporation, was a witness for defendant. He testified that sometime in the fall of 1927 a man giving his name as "Townsend or Tompkins or something" called upon defendant, representing himself to be the agent of plaintiffs; that he presented a card purporting to show that he was such representative; that he asked payment of the account here involved and gave the witness a statement thereof. The witness could not produce either the card or the statement. The so-called agent was in no way connected with plaintiffs except as the witness disclosed what the agent himself said and the card and statement which he presented. Over objection the witness was permitted to testify concerning the conversation with the purported agent. This was error.

One who alleges agency has the burden of proving it. The existence of agency is a fact which may be proved as any other fact. It may be proved by direct evidence, by conduct or circumstances. Authority cannot be implied without reason or presumed without cause. Inferences and implications must be based upon facts for which the principal is responsible. While agency may be proved by the testimony of the agent as a witness, evidence of the agent's

statements made out of court are not admissible against his principal before establishing his authority. 2 C. J. pp. 935-938; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 149, note 76; Frank F. Pasch Co. v. Johnson, 162 Minn. 355, 202 N. W. 820. The circumstances here disclosed rested exclusively with the alleged agent.

■ Plaintiffs took their depositions in Boston. They attempted to meet the charge of negligence as alleged in the answer. Upon the trial the evidence apparently incidentally disclosed that the car of turkeys reached Boston on Sunday, and plaintiffs began unloading on the following Tuesday. This evidence went in without objection, and we think the counsel had no reason to anticipate what subsequently happened. In the submission of the case to the jury the court permitted the jury to find plaintiffs negligent because of the delay in unloading the car. Had plaintiffs known or supposed that this element was to have been submitted to the jury as an independent ground for negligence, they would have had an opportunity to offer evidence in explanation of why the car was not unloaded on Monday, or when the unloading was finished, or whether the unloading was reasonably prompt under all the circumstances. Many unavoidable things may have delayed unloading if there was in fact a delay. It may be that under the circumstances there was no delay. It may be that there was and that there is an explanation. It may be, as in many cases, explanations lead to complications. But the fact remains that an independent ground of negligence undisclosed by the pleadings was submitted to the jury. Plaintiffs were trying the case on depositions and could not foresee that this question was to be submitted to the jury, and hence they were not given an opportunity to present their version of that particular issue. We are of the opinion that this was error. There was no exception to the charge. It was not however a mere inadvertence. It related to a controlling principle in the case and was assigned as error in the motion for a new trial and here.

■ Plaintiffs claim that the court erred in charging the jury in substance that intent was an essential element of waiver. The claim is that the law conclusively presumes the intention to waive

from the failure to object or act and that the only question for the jury to determine, when for the jury at all, is whether or not the objection or act was within a reasonable time.

But the question of waiver is mainly a question of intention, which lies at the foundation of the doctrine. The intent is an operation of the mind and should be proved and found as a fact. It is rarely to be inferred as a matter of law. Conduct indicating a waiver may be so inconsistent with a purpose to stand upon one's rights as to leave no room for a reasonable inference to the contrary. Then the intent to waive appears as a matter of law. The intent to make the waiver should be made to appear by the evidence. Such intent may be shown by circumstances. As indicated, the intent to waive may be a matter of legal inference. But intent must be present. Waiver is the intentional relinquishment of a known right. Both intent and knowledge, actual or constructive, are essential elements. Clark v. Dye, 158 Minn. 217, 197 N. W. 209. We are now considering waiver, not estoppel. The one is here involved, the other is not. The instruction in this respect was not erroneous.

The order denying the motion for judgment non obstante is affirmed. The order denying the motion for a new trial is reversed.