## MARION R. CAMPBELL v. STATE BANK OF LITCHFIELD.[1]

May 31, 1935.

No. 30,290.

*Alva R. Hunt,* for appellant.
*D. F. Nordstrom,* for respondent.

HOLT, JUSTICE.

From a judgment of dismissal on the merits plaintiff appeals.

The action was to recover $1,446. The facts found were, in short, that for many years prior to November, 1929, the Bank of Litch-

[1]Reported in 261 N. W. 1.

field had existed, T. F. McClure being its president and active manager. At the time just mentioned the First Bank Stock Corporation assumed all the deposit liabilities of the Bank of Litchfield, and a $50,000 promissory note was executed by that bank to the First National Bank of Minneapolis, to secure which the Bank of Litchfield transferred and pledged all of its assets and collateral securities to defendant, then organized; and in addition thereto certain stockholders of the Bank of Litchfield, including T. F. McClure, created a guaranty fund of $200,000 to indemnify defendant against loss. T. F. McClure's contribution to that fund consisted of two certificates of deposit aggregating $36,000, issued to him by defendant, bearing interest at four per cent per annum. The interest was no part of the guaranty fund and was received by T. F. McClure when due, in the latter part of November each year. Under the conditions just stated defendant came into existence, and T. F. McClure was for a time its head. On October 19, 1932, he was indebted to plaintiff in excess of $15,000 and because thereof assigned to her the $1,440 interest to become due in the latter part of November, 1932, on the certificates of deposit placed by him in the guaranty fund mentioned. Plaintiff presented the assignment to defendant, but it refused to recognize it or pay the interest to her.

For many years prior to November, 1929, T. F. McClure, Karl A. Danielson, C. W. Wagner, and W. W. Shelp were interested as owners in a 280-acre farm near Litchfield, the management and operation of which was intrusted to McClure, and wherein he made certain expenditures and obtained the money to pay the same from the Bank of Litchfield to the amount of $3,370. On November 1, 1929, T. F. McClure, "without the authority, knowledge, or consent of his co-owners and under the name of Danielson-Wagner-Shelp Company, made, executed, and delivered to said Bank of Litchfield a promissory note, due on demand, whereby and by the terms of which the ostensible partnership signer of said note, for value received jointly and severally promised to pay to the order of the Bank of Litchfield the sum of $3,370, with interest from date until paid at the rate of 7 per cent per annum." The Bank of Litchfield transferred the note to defendant long prior to October 19, 1932.

504

Defendant, after knowledge of the assignment to plaintiff, applied said $1,440 interest when due upon the said $3,370 note held by it. The guaranty fund of $200,000 was exhausted and with it the $36,000 certificates of deposit of T. F. McClure. The conclusion of law was that plaintiff take nothing and there should be a judgment of dismissal on the merits.

The assignments of error are in the main directed to the proposition that the evidence does not support that part of the findings above quoted that finds that the $3,370 note held by defendant, upon which it applied the $1,440 interest involved in the suit, was executed by T. F. McClure without the authority, knowledge, or consent of his co-owners of the farm. If that finding is warranted by the evidence, the note was not in law a partnership obligation, and the question of the right of equitable offset of a partnership demand against the individual claim of one of the partners does not arise. In so stating, we do not overlook the last clause of this finding:

"And that from the time of the execution and delivery of said note and at the time of the application of said $1,440 towards the payment thereof, the said McClure was liable thereon as a several maker thereof, as were also said Danielson, Wagner and Shelp."

The part of the findings first quoted requires the conclusion that McClure is the sole maker of the note. The court properly refused to find that there existed a legal partnership between the four persons who owned interests in the farm mentioned. Co-ownership of real estate does not create a partnership. Pratt v. Martig, 182 Minn. 250, 234 N. W. 464; 2 Mason Minn. St. 1927, § 7390(2, 3). There is no evidence of any agreement, written or oral, to go into a partnership. The leases to the farm, introduced in evidence, were all signed by the four co-owners individually. No such partnership name appears anywhere as the name affixed by McClure to the $3,370 note as the maker thereof. Having no authority to execute such an instrument under such name from any of the three persons whose surnames are embodied in the signature to the note, it becomes the instrument solely of McClure, who made it out and

signed it. He executed it in a name assumed by him. 2 Mason Minn. St. 1927, § 7061, reads:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

There being no such entity as Danielson-Wagner-Shelp Company and no authority from McClure's co-owners to use such name, it should be held to be his assumed name used for the purpose of executing the note. We may surmise his reasons for so doing in this case, but it nevertheless appears that he brought himself within the provision of the last sentence of said § 7061. American Fund, Inc. v. Associated Textiles, Inc. 187 Minn. 300, 245 N. W. 376.

Error is assigned upon the court's refusal to add this finding:

"That at the time the debt of $3,370 was incurred and at the time the note was executed the Bank of Litchfield knew Danielson, Wagner, Shelp and McClure were a partnership operating said farm, and that the State Bank of Litchfield, on August 4, 1932, the time it sued on the note, knew they were a partnership operating said farm and it sued them on the note as partners."

The pleadings of a party may be offered in evidence by his opponent to show admissions. Both parties in this action sought to take advantage of the complaint and answers in a suit brought by defendant against the four owners of this farm to recover the balance of the $3,370 note, after applying the $1,440 interest thereon. We do not consider such allegations in the pleadings conclusive as to the existence of a partnership. The action was settled, so there were no findings or judgment to conclude or estop either party. An attentive reading of the record convinces us that the trial court had ample ground for refusing to amend the finding as requested by plaintiff.

The other requested amendment of the findings of fact we regard as immaterial to a decision of the appeal. That the owners of undivided interests in the farm also were owners of certain crops

raised thereon which have not been disposed of appears to have no bearing at all upon defendant's right to apply the $1,440 upon the note in question.

This is not a suit to marshal the assets of a partnership so as to adjust the rights as between the partnership creditors and the creditors of the individual partners. Therefore Simmons v. Simmons, 215 Iowa, 654, 246 N. W. 597, on which plaintiff relies, is not of great help. The question before us now is the right of offset or counterclaim of defendant against plaintiff's cause of action. Defendant relies on Nordsell v. Neilsen, 150 Minn. 224, 184 N. W. 1023; Boeger v. Hagen, 204 Iowa, 435, 215 N. W. 597, 55 A. L. R. 562. Plaintiff must stand in the shoes of McClure, her assignor. Had he sued defendant for the $1,440 interest, could there be any doubt of defendant's right to plead the $3,370 note as a counterclaim? Certainly not, if as above concluded, T. F. McClure is the sole maker. This note reads: "I promise to pay," etc.; hence it is a several obligation, even if it be conceded to be a partnership note, and under 2 Mason Minn. St. 1927, § 9411, a several judgment could be entered against McClure and he could be sued alone. So Nordsell v. Neilsen, 150 Minn. 224, 184 N. W. 1023, is authority for holding that defendant could have set up the note as an offset or counterclaim in a suit brought by McClure to recover the interest assigned to plaintiff.

The judgment is affirmed.