## JAMES RAUSCH AND ANOTHER v. LOUIS ARONSON AND ANOTHER.[1]

November 28, 1941.

No. 32,771.

*A. Gordon Rosenmeier,* for appellants.
*Harry E. Burns,* for respondents.

GALLAGHER, CHIEF JUSTICE.

James Rausch and Math Rausch initiated proceedings before the state department of agriculture, dairy and food pursuant to

[1]Reported in 1 N. W. (2d) 371.

L. 1931, c. 394, as amended by L. 1935, c. 186 (Mason St. 1938 Supp. §§ 6240-18½ to 6240-18½q) to enforce the conditions of a wholesale produce dealer's bond. The commissioner of agriculture, after hearing, allowed both claims. No settlement being effected within 15 days as provided in the act, plaintiffs, with the approval of the commissioner, brought separate actions in the district court, where the cases were tried to the court without a jury and findings favorable to plaintiffs were made in each case. Defendants appeal from the judgments.

Defendant Aronson, who conducted a wholesale produce business in Little Falls, Minnesota, under the name of Market Produce Company, was licensed by the department of agriculture and had given bond to the state conditioned, among other things, to pay when due the purchase price of produce. Defendant National Surety Corporation was surety on his bond.

Beginning sometime in 1937, Aronson and one Isadore Carp entered into an arrangement whereby Carp would purchase eggs and pay for them by issuing a draft on Aronson. Carp would usually issue a draft at the time of purchase and then deliver the eggs to Aronson before the draft was presented for payment. The manner of purchasing eggs from plaintiffs varied. Normally, Carp called at plaintiffs' places of business several times a week. On occasions he would not issue a draft when he purchased the eggs but would leave a sales slip. The next trip he would pick up the sales slip and issue a draft on Aronson. According to Carp, testifying for defendants, this was done to give him an opportunity to sell the eggs at St. Cloud or elsewhere and then pick up more eggs at different places to be delivered later in payment of the draft. The plaintiffs testified that it was done either when Carp forgot his draft book or in the warm season, when eggs were apt to rot and time was allowed to determine their value. Carp testified that he made his profit by buying eggs at from 60 to 70 cents below the Chicago market and delivering them to Aronson at from 30 to 40 cents below the Chicago market.

Plaintiff James Rausch's claim was for the price of eggs purchased by Carp on September 8, 9, and 12, 1938, and represented by three sales slips totalling $112.88. Plaintiff Math Rausch's claim was for the price of eggs purchased by Carp during September 1938 and represented by three drafts and two sales slips totalling $477.30. The issue is whether Carp was acting as Aronson's agent in making the purchases here involved. The trial court found that he was.

■ Agency arises when one person, the principal, manifests his consent to another, the agent, that the latter should act on the former's behalf. See Restatement, Agency, § 1. The authority of an agent to act for a principal may be proved not only by showing an express agreement to that effect, but it may also be proved circumstantially by showing a course of dealing between the two. National Radiator Corp. v. Shea, 182 Minn. 342, 234 N. W. 648; Schlick v. Berg, 205 Minn. 465, 286 N. W. 356. Where authority is proved circumstantially, all inferences of authority must be drawn exclusively from facts for which the principal is responsible. Farnum v. Peterson-Biddick Co. 182 Minn. 338, 234 N. W. 646.

"All authority must be traced to the principal. But it may be found in his adoption of, or acquiescence in, similar acts done on other occasions by the assumed agent. It then becomes what is conveniently but .inaccurately called implied authority. In result it is actual or express authority, its expression being by the conduct rather than by the words of the principal. Only the evidence of it is found in implication by conduct." Schlick v. Berg, 205 Minn. 465, 468, 286 N. W. 356, 358, *supra.*

■ Defendants urge that evidence of the practice of issuing drafts on another is not sufficient proof of agency, and if that were all that appeared in the record we would be inclined to agree under the authority of Lee v. Peoples Coop. Sales Agency, Inc. 201 Minn. 266, 276 N. W. 214; Witzman v. Sjoberg, 164 Minn. 411, 205 N. W. 257. But there was other evidence. Particularly

indicative was the form of drafts supplied Carp by Aronson. These drafts, honored by Aronson for some time, bore the heading "Market Produce Company," and Carp signed them over the printed word "Buyer." No deductions were made between Carp and Aronson for bad eggs, although Aronson admitted that that was bad business practice. When Mr. Burns, attorney for plaintiffs, telephoned Aronson about the three drafts held by plaintiff Math Rausch, Aronson said to "shoot them through." True, Aronson claims he said that before he knew there were outstanding unpaid sales slips, but the statement still is entitled to some weight before a fact-finding body. The burden was upon plaintiffs to prove agency. While the evidence upon that issue was not strong, there was sufficient to justify the determination by the trial court that Carp was acting as agent for Aronson in the particular transactions.

■ Defendants contend that plaintiffs cannot recover because they had notice or knowledge that Carp was acting contrary to instructions and in fraud of his principal's interests. Reynolds v. Prudential Ins. Co. 181 Minn. 52, 231 N. W. 615; Restatement, Agency, § 180, comment *a*. There is evidence supporting defendants' contention, but it by no means compels the conclusion that plaintiffs had knowledge or notice of Carp's irregular or fraudulent practices. The findings of the trial court have support in the record.

■ Defendants also assign as error the action of the trial court in overruling their demurrers to the complaints. The complaints state causes of action for breach of the conditions of defendant's bond. When a suit is brought against the principal it is not necessary to plead the fact of agency or authority of the agent. Weide v. Porter, 22 Minn. 429; see also Bolstad v. Armour & Co. 124 Minn. 155, 144 N. W. 462.

The judgments are affirmed.