RITEWAY CARRIERS, INC. v. ROGER SCHUE AND OTHERS.

79 N. W. (2d) 505.

November 30, 1956—No. 36,869.

*Conrad J. Carr,* for appellant.
*Royal C. Orren,* for respondent.

KNUTSON, JUDGE.

The facts in this case may be stated briefly. During 1952, defendants were the owners of certain truck tractors. Plaintiff was en-

gaged in a trucking business. In conducting its business, plaintiff leased or hired truck tractors from owners such as defendants to pull its trailers. This action arises out of an alleged indebtedness which plaintiff claims was owing to it by defendants when it ceased doing business with them.

Defendants, Roger, Calvin R., and Kenneth N. Schue, are brothers. Originally, Roger was the owner of a 1951 GMC truck tractor. In 1952, the title to the truck was transferred to Kenneth and Calvin jointly. Actually, the transfer was to Kenneth, but Calvin signed as joint owner for the purpose of enabling Kenneth to finance the deal. Later that year, the title to this truck again was transferred to Roger, and Calvin remained on the title papers as joint owner for the purpose of financing the truck.

Calvin owned another truck tractor of his own. There is no contention that Roger had any interest in that truck. In its dealings with Calvin and Roger, plaintiff kept a separate "recap" sheet for each of them. It usually settled with the driver of each truck tractor for each trip. If such settlement was not made at the end of the trip, plaintiff kept a separate "recap" sheet showing the state of each account for each driver.

Roger lived in Albert Lea, Minnesota; Calvin lived in Minneapolis. The evidence shows that Calvin made a few payments on the truck tractor which Roger claims to own. Both of them testified that such payments were made as a loan by Calvin to Roger. Roger paid small amounts to Calvin from time to time, characterized by them as repayments on the loan. All the testimony is that Calvin never shared in any profits of the truck tractor which Roger claimed as his own.

On September 25, 1952, Calvin and Roger ceased doing business with plaintiff. At that time Calvin's account was in balance. Roger's account showed an indebtedness to plaintiff of $471.86. This action was brought against all three brothers to recover that amount based on the following allegation in the complaint:

"That the defendants, and each of them, were at all times herein mentioned jointly engaged as partners or other joint adventurers in

a trucking business."

Defendants defaulted, and judgment was entered against all three of them. On motion of Calvin, the judgment was vacated as to him, and he was permitted to answer. Thereafter the case came on for trial before the court without a jury. At the completion of the trial, the following transpired:

"The Court: Well, it has been a long, long time since I have had a case where the testimony has been as vague and unsatisfactory as it has been in this case. I am not sure that I am right, but the best I can do with this evidence is to order findings for the plaintiff, not upon the ground that there was a partnership, but upon the ground that there was authority to incur it. The word, partnership, has been used very loosely here.

"Mr. Carr: I don't understand that finding, your Honor. What do you mean authority to incur it? You are finding there is no partnership, is that it?

"The Court: No, I am not making any finding on any partnership one way or the other."

The court thereafter made one finding of fact, which reads as follows:

"That on or about the 25th day of September, 1952, the defendants, and each of them, owed plaintiff $471.86 on mutual accounts."

Judgment was entered pursuant to this finding, and this appeal is from such judgment.

Plaintiff's position is stated in its brief as follows:

"The real issue before this Court is whether or not there was some sort of principal-agent relationship between Calvin R. Schue and Roger Schue, together with the authority derived therefrom, which would make Calvin R. Schue responsible to respondent, a third party creditor, for the obligations incurred in connection with the operation of the 1951 GMC truck-tractor. From the facts, it is apparent that two theories arise, either of which would justify holding appellant responsible for the obligations.

"The first theory would be that appellant gave Roger Schue, a co-owner of the truck-tractor, authority to incur the obligations. It makes very little difference whether we refer to this authority as actual, express, apparent, implied or ostensible.

"The second theory is that the authority of Roger Schue is derived from a partnership or joint venture relationship with appellant."

■ While the court made no findings that there was a partnership or joint adventure, it seems clear that the court was of the opinion that plaintiff had failed to make out a partnership. With that we agree.

Joint ownership of property, of itself, does not establish a partnership.[1] M. S. A. 323.06 reads in part as follows:

"In determining whether a partnership exists, these rules shall apply:

\*　　\*　　\*　　\*　　\*

"(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such coowners do or do not share any profits made by the use of the property;"

■ While our statutes do not define a joint adventure, the rules and principles applicable to establishment of a partnership relationship, with few if any material exceptions, apply generally to the establishment of a joint adventure. The essential elements of a joint adventure are set forth adequately in our opinion in Rehnberg v. Minnesota Homes, Inc. 236 Minn. 230, 52 N. W. (2d) 454. It is not necessary to repeat here what we there said. It is evident that there is no evidence of joint adventure.

■ Nor is there any evidence of agency. The only evidence here that plaintiff can possibly claim would point to an agency is the fact that Calvin made a few payments on the truck tractor and that he received repayment of a part thereof. Actual or implied authority

[1]See, Crane, Partnership (2 ed.) § 12; Pratt v. Martig, 182 Minn. 250, 234 N. W. 464; Campbell v. State Bank, 194 Minn. 502, 261 N. W. 1.

of an agent rests on the intention of the parties.[2]

The authority of an agent to act for a principal may be proved by express agreement or it may be inferred from a course of dealing between the parties. Where authority is proved circumstantially, inferences of authority must be drawn from facts for which the principal is responsible.[3] Here, no express consent on Calvin's part to incur any indebtedness has been shown by the evidence. Neither is there any evidence from which authority may be inferred. There is not one word to show that plaintiff ever relied upon Calvin's credit in establishing this indebtedness. The burden of proof rested upon plaintiff. There is a complete absence of proof from which any inference of mutual liability may be drawn.

Under these circumstances appellant is entitled to judgment in his favor.

Reversed.

---

[2]Derrick v. The Drolson Co. Inc. 244 Minn. 144, 69 N. W. (2d) 124.
[3]Farnum v. Peterson-Biddick Co. 182 Minn. 338, 234 N. W. 646; Rausch v. Aronson, 211 Minn. 272, 1 N. W. (2d) 371.