# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6031

_____

In re: Richard Allen Solberg, doing business as Solberg Farms Minnesota

*Debtor*

------------------------------

Zaitz Trust, LLP

*Plaintiff - Appellant*

v.

Bremer Bank, National Association

*Defendant - Appellee*

Norcan Seeds, Inc.

*Defendant - Appellant*

Richard Allen Solberg, individually and in his capacity as a partner of Solberg
Farms, a Minnesota partnership; Kasey Solberg, individually and in his capacity as
a partner of Solberg Farms, a Minnesota partnership; Solberg Farms, a Minnesota
Partnership

*Defendant*s

Appeal from United States Bankruptcy Court
for the District of Minnesota - Fergus Falls

—————————

Submitted: June 28, 2019
Filed: August 14, 2019

—————————

Before SCHERMER, SHODEEN and DOW, Bankruptcy Judges.

—————————

DOW, Bankruptcy Judge

This is a case involving competing rights in the crop proceeds and crop insurance proceeds of Richard Allen Solberg, Debtor. Zaitz Trust, LLP ("Zaitz") filed a complaint against Bremer Bank, N.A. (the "Bank"), Norcan Seeds, Inc. ("Norcan"), the Debtor individually and as a partner of Solberg Farms, Kasey Solberg individually and as a partner of Solberg Farms, and Solberg Farms, a Minnesota partnership. The Bank and Norcan counterclaimed. The Bank also filed a third party action against RRV, LLC ("RRV") and the Trustee, and RRV counterclaimed.

The Bank subsequently filed a motion for summary judgment challenging the validity of the other parties' liens and asserting the priority of its own lien in the Debtor's 2017 crops. The Bankruptcy Court granted the Bank's motion. Zaitz and Norcan (collectively, the "Appellants") appealed. For the reasons that follow, we reverse and remand for further findings.

**STANDARD OF REVIEW**

We review a bankruptcy court's grant of summary judgment *de novo*. *Mwesigwa v. DAP, Inc.*, 637 F.3d 884, 887 (8th Cir. 2011)(citing *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010). We will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We may affirm on any basis supported by the record." *Seaver v. New Buffalo Auto Sales, LLC* (*In re Hecker*), 459 B.R. 6, 10-11 (8th Cir. BAP 2011). Here we review *de novo* whether the bankruptcy court's conclusions interpreting the relevant statutes and applying them to the undisputed facts is correct. *Fisette v. Keller* (*In re Fisette*), 455 B.R. 177, 180 (8th Cir. BAP 2011).

**FACTUAL BACKGROUND**

In January, 2017, Zaitz leased approximately 3,277 acres to "Solberg Farms – Rick Solberg." In the lease, Solberg Farms granted to Zaitz a security interest in the crops grown on the land. Zaitz filed a statutory lien notice against Richard Solberg in May of 2017.

The Debtor and his son contracted with Norcan to purchase seed for planting. Norcan was unwilling to sell directly to the Debtor because of his financial position, but agreed to sell to the Debtor and his son jointly as Solberg Farms, a partnership. Norcan delivered the seed and presented its invoice to "Solberg Farms, Rick Solberg, Kasey Solberg." Norcan filed a UCC Financing Statement listing Rick Solberg, Kasey Solberg and Solberg Farms as debtors.

The Bank made several loans to the Debtor beginning in 2009 secured by virtually all of the Debtor's personal property, including crops, farming supplies,

3

and equipment. The Bank perfected its security interest by filing a UCC Financing Statement under the name of Richard Allen Solberg.

The Debtor filed for Chapter 11 relief on August 11, 2017. Pursuant to the Interim Cash Collateral Agreement entered in the case, the Bank was granted a lien on the Debtor's 2017 crop insurance payments.

Zaitz commenced an adversary proceeding to assert its lien in the Debtor's 2017 crops. The Bank moved for summary judgment seeking the adjudication of all the parties' rights. Specifically, it asserted that Solberg Farms was a fictitious d/b/a of the Debtor, that the Bank's interest in the Debtor's 2017 crop insurance proceeds was superior to all other parties' interests, and its interest in the Debtor's 2017 crop proceeds was superior to all parties' interests except for that of RRV. The Bankruptcy Court granted the motion. The Appellants appeal on the basis that the bankruptcy court erred in concluding that there was no genuine issue of material fact that precluded summary judgment. Specifically, they contend that there was substantive, probative evidence that the Debtor and his son engaged in farming as a partnership, and because this is a material issue that must be determined, summary judgment should have been denied. The Bank contends that the evidence is clear that no partnership existed between them, and that the Appellants failed to meet their burden of proving otherwise.

## DISCUSSION

Bankruptcy Rule 7056, applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is

4

entitled to judgment as a matter of law." *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *In re Paul*, 488 B.R. 104, 106-107 (8th Cir. BAP 2013)(the movant's burden is to demonstrate that the record does not disclose a dispute in which the evidence is such that it could lead a reasonable jury to return a verdict for either party). Once the moving party has met this burden, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In applying this standard, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita,* 475 U.S. at 588-89; *Tyler v. Harper,* 744 F.2d 653, 655 (8th Cir.1984), *cert. denied*, 470 U.S. 1057 (1985).

Rule 56 (a) was amended in 2010 to add the following directive: "The court should state on the record the reasons for granting or denying the motion." The Advisory Committee Notes to the 2010 Amendment indicate that this is "particularly important" in a summary judgment context and advantageous in terms of facilitating an appeal.

The phrase "genuine issue of material fact" is not defined in the Rules. It is the substantive law's identification of which facts are critical that governs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Wierman v. Casey's Gen. Stores,* 638 F.3d 984, 993 (8th Cir. 2011). In this case, the critical fact for determination was the existence of a partnership in 2017 between the Debtor and his son called Solberg Farms. The crux of the adversary proceeding is the adjudication of the respective parties' rights

in the crop proceeds and crop insurance proceeds. The Bank posits that if no partnership existed, then its security interest would be superior to any rights claimed by the Appellants. The Appellants' argue that if a partnership existed, then their interests were properly perfected and the Bank's security interest was not properly filed.

Whether a partnership exists in a given case depends upon applicable state law. *See Bellis v. U.S.,* 417 U.S. 85, 96-97 (1974). Section 323A.0202 of the Minnesota Statutes provides some guidance on the formation of a partnership, but does not expressly state whether it is a question of law or fact. However, Minnesota courts have consistently held that the existence of a partnership is a question of fact (except in those rare cases where the evidence is conclusive).[1] *See, e.g., Meagher v. Fogarty*, 152 N.W. 833 (Minn. 1915); *Cyrus v. Cyrus*, 64 N.W.2d 538, 541 (Minn. 1954); *Ryan Contracting, Inc. v. JAG Investments, Inc.,* 634 N.W.2d 176, 190 (Minn. 2001), *rev'd on other grounds*; *Milan v. Colvin*, 2011 WL 1988205, *4 (D. Minn. May 20, 2011). Minnesota cases addressing the partnership issue focus on the intent of the parties, and hold that a partnership may be created by an expressed or implied agreement of the parties. *Arnold v. DeBooy*, 201 N.W. 437 (1924). Their consent and intention are key, and must be ascertained from all the evidence and all the circumstances of the case. *McDonald v. Campbell*, 104 N.W. at 761; *Nelson v. Seaboard*, 269 F.2d at 886. Sharing of profits is but one factor to be considered in determining whether a partnership relationship is established. *Nelson*, 269 F.2d at 887. Other factors weighed by the courts include whether the parties jointly owned

---

[1]In their appellate briefs, the parties disputed whether the existence of a partnership is a question of law or of fact under Minnesota law. The Bank cited an Eighth Circuit case to support its position that it was a question of law. That case is not compelling because it relies on Missouri law, and its holding is limited to those situations in which the facts are undisputed or susceptible to only one inference, unlike the situation at hand. During oral argument, the Bank conceded that the existence of a partnership was a question of fact.

property, carried on business as principals and agents for each other, and combined their labor and skills for a common enterprise. *See Riteway Carriers, Inc. v. Schue,* 79 N.W.2d 505 (1956); *McDonald v. Campbell*, 104 N.W. 760 (1905).

In this case, both parties introduced "alternative facts" through affidavits, Rule 2004 examination testimony, 341 meeting testimony, and other documents submitted as summary judgment evidence to establish the existence or non-existence of the father/son partnership. The Appellants' evidence that a partnership existed included invoices signed by both the Debtor and his son, contracts made in the name of Solberg Farms, the co-mingling of grain in storage bins, and the co-ownership of farming equipment. The Bank's evidence that no partnership existed included the lack of a partnership bank account, the lack of a partnership tax return, the lack of a profit-sharing agreement, lack of state recognition, and testimony about separate farming operations. Based on Minnesota law, it appears that no one fact that was presented was conclusive of partnership status, and that different inferences could have been drawn from the evidence.

The Bankruptcy Court order granting the Bank's summary judgment motion is brief. The Court essentially ordered the Bank to withdraw funds from the Debtor's cash collateral account to apply against Solberg's outstanding obligations, issue a check payable to RRV, and remit all surplus proceeds to the bankruptcy trustee. The Court did not set forth any specific findings from which it determined that the evidence as to the non-existence of a partnership was conclusive. Likewise, in the Judgment itself, the Court simply cites to the record of the hearing held on the motion.

The transcript indicates that the Court devoted a considerable amount of its oral ruling on the summary judgment standard and the burden of proof of the respective parties. However, the record does not contain sufficient detail in terms of the evidence considered, how it was applied to the applicable Minnesota statutes, and why the evidence adduced by the Appellants was insufficient to create a genuine issue as to a material fact. Rather, the Court used general terms, stating that its overall ruling was based on the affidavits and supporting documentation supplied by Bremer Bank, "the rules," the UCC and other statutes regarding perfection. In addition, it appears that the Court focused more on the UCC issues rather than the partnership issue. With regard to the latter, the Court only referred to "reasons both stated here on the record and with regard to the attachments in support of the bank's position." The exhibits to the Bank's summary judgment brief consisted mainly of the transcript of the Debtor's Rule 2004 exam, the Bank's security agreements, the parties' financing statements, the cash collateral agreement, and Secretary of State records.

It is difficult to determine from the record in this case precisely what evidence the Bankruptcy Court considered in reaching its conclusion that no genuine issues of material fact existed which would preclude it from granting the Bank's motion for summary judgment, or the analysis the Court undertook. That is particularly important in a case such as this that turns on a fact issue. As a result, it is unclear whether the Court viewed the evidence submitted by the Bank in the light most favorable to the Appellants and gave them the benefit of all reasonable inferences. The amendment to Rule 56(a) instructing courts to state on the record the reasons behind their summary judgment rulings was enacted to avoid this very predicament.

For the foregoing reasons, we reverse and remand the case to the Bankruptcy Court for further findings in accordance with Rule 56(a)'s directive to specify the reasons for its ruling, or in the alternative, to reconsider the issue on the existence of the Solberg Farms partnership.

_____